UNITED STATES ex rel. Leonardo SALEMI, Petitioner-Appellant,

v.

Wilfred L. DENNO, Warden of Sing Sing Prison, Respondent-Appellee.

No. 381, Docket 24067.

United States Court of Appeals Second Circuit.

Argued June 5, 1956.

Decided July 13, 1956.

Amended on Denial of Rehearing Aug. 16, 1956.

Osmond K. Fraenkel, New York City, for petitioner-appellant.

Frank S. Hogan, Dist. Atty., New York County, New York City (Richard G. Denzer, Charles W. Manning, Asst. Dist. Attys., New York City, of counsel), for respondent-appellee.

Before CLARK, Chief Judge, and HINCKS and WATERMAN, Circuit Judges.

WATERMAN, Circuit Judge.

Petitioner, a state prisoner condemned to death, appeals from an order of the district court denying his application for a writ of habeas corpus. He claims that his confinement is in violation of the due process clause of the Fourteenth Amendment to the United States Constitution because his conviction rests on

evidence which has since been discredited, and because New York has denied him the opportunity to present after-discovered evidence to a jury before sending him to his death. The facts are fully stated and discussed in the majority and dissenting opinions of the Court of Appeals of New York, People v. Salemi, 1955, 309 N.Y. 208, 128 N.E.2d 377.

Petitioner's conviction for the murder of Walter Forlenza, who was fatally shot in a New York tavern in 1952, primarily rested on the testimony of two witnesses: (1) Janson, an eye-witness to the shooting, who identified petitioner as the killer; and (2) James Forlenza, brother of the victim, who testified that his brother had made a dying declaration to him in which he named petitioner as his assailant. After the close of the trial it developed that Janson had attempted suicide two days before he testified, had acted strangely while in police custody during the closing days of the trial, and had been removed to a mental hospital as "psychotic" on the day following the jury's verdict. With respect to Forlenza's testimony of a dying declaration, investigations by defense counsel, conducted long after the trial, discovered considerable evidence tending to show that Forlenza was not present in the hospital at the time the alleged declaration was made, and that the victim was physically incapable of talking at that time.

Petitioner contended in the New York courts that he should be given the opportunity of presenting this additional evidence at a new trial. Lengthy hearings were held on both issues, and conflicting evidence was presented by the state and by the petitioner. Ultimately, both issues were resolved against petitioner, the New York court concluding that Janson was competent to testify at the time of trial, that the victim was not incapable of speech at the time the alleged dying declaration was made, and that it had not been established that Forlenza had not been in the hospital on the day the victim had died. A new trial was denied on the above grounds and also on the additional ground that the above evidence was not newly discovered within the meaning of the applicable New York statute, because petitioner was aware or should have been aware of this evidence at the time of trial by the exercise of due diligence. The Court of Appeals of New York affirmed by a 4–3 vote, holding that the trial judge had not abused his discretion in denying the motion for a new trial. 309 N.Y. 208, 128 N.E.2d 377.

■ The district court denied petitioner's habeas corpus application on the basis of the record and without a hearing. The record indicates both the care with which the New York courts have scrutinized the factual issues presented by petitioner's motions for a new trial, and the reasonableness of their resolution by the state courts. Under the circumstances, it was proper for the district judge to accept the findings of fact of the state court. Brown v. Allen, 1953, 344 U.S. 443, 458, 497–508, 73 S.Ct. 397, 97 L.Ed. 469; see also the recent discussion of the precedents in Cranor v. Gonzales, 9 Cir., 1955, 226 F.2d 83.

Petitioner does not seriously question here the judge-made findings of fact of the New York court to the effect that Janson was competent to testify at the time of trial, and that Forlenza was competent to testify concerning the dying declaration. His contention is, rather, that a jury has never passed on the alleged "newly-discovered" evidence. He contends that this evidence, discovered since the trial, is highly favorable to him; and that it must be considered, before he can be put to death, not only by a judge, upon a motion for a new trial, but also—because it so seriously affects the credibility of Janson and Forlenza and the weight to be given their testimony—by a jury. As he says in his brief, "there is the gravest doubt whether the testimony of either of them [Janson and Forlenza] would be accepted by a jury with knowledge of all the facts now in the record." Thus the gist of his claim of constitutional violation is that

the denial of a new trial is a denial of due process.

However, we do not reach this important constitutional question because we think the district court properly denied petitioner's application for a writ of habeas corpus on an adequate state ground. Under New York law the grant of a new trial is governed by state statute. New York Code of Criminal Procedure § 465, subd. 7.[1] Protracted state court hearings determined that petitioner was not entitled to a new trial under that statute because he was aware or should have been aware of the alleged "newly discovered" evidence at the time of trial by the exercise of due diligence. This factual determination finds support in the record and is not unreasonable. Janson testified with his head bandaged and was cross-examined with respect to the cause of his injuries, prior mental stability, etc.; hospital records available at the time of trial gave the names of all the persons in attendance at and before the time of the victim's death; and there was considerable dispute at the trial concerning the time at which the alleged dying declaration was made to Forlenza. The Court of Appeals of New York gave a careful "reassessment" to the evidence presented at the hearings on the motions for a new trial, cf. United States ex rel. Smith v. Baldi, 1952, 344 U.S. 561, 573, 73 S.Ct. 391, 97 L.Ed. 549, and affirmed the denial of a new trial on an adequate state ground. We do not think that New York violates the due process clause of the Fourteenth Amendment by requiring an accused to show due diligence before granting a new trial.

Affirmed.

On Petition for Rehearing

PER CURIAM.

Appellant petitions for a rehearing. He alleges that we erred in our opinion of July 13, 1956 in that we did not properly treat certain of the contentions he had advanced.

We have re-examined and re-evaluated the record in the light of this petition, and adhere to our opinion that when the New York State Courts denied appellant's motion for a new trial the denial in each instance was based on an adequate state ground; and that no constitutional issue is reached.

The last paragraph of our opinion of July 13 is amended to read:

Janson testified with his head bandaged and was cross-examined with respect to the cause of his injuries, prior mental stability, etc.; hospital records then available to defense counsel, in his possession and introduced by him at the trial, gave information leading to the identification of all the persons in attendance at and before the time of the victim's death; and there was considerable dispute at the trial concerning the time at which the alleged dying declaration was made to Forlenza. The evidence alleged to be "newly discovered" and its pertinence was comprehensively presented at the time of the hearing on the motion for a new trial, and the Court of Appeals of New York gave a careful "reassessment" to this evidence so presented, cf. United States ex rel. Smith v. Baldi, 1952, 344 U.S. 561,

---

[1] "§ 465. In what cases granted
"The court in which a trial has been had upon an issue of fact has power to grant a new trial, when a verdict has been rendered against the defendant, by which his substantial rights have been prejudiced, upon his application, in the following cases:
*  *  *  *  *
"7. Where it is made to appear, by affidavit, that upon another trial the defendant can produce evidence such as,

if before received, would probably have changed the verdict; if such evidence has been discovered since the trial, is not cumulative; and the failure to produce it on the trial was not owing to want of diligence. The court in such cases can, however, compel the personal appearance of the affiants before it for the purposes of their personal examination and cross-examination, under oath, upon the contents of the affidavits which they subscribed."

573, 73 S.Ct. 391, 97 L.Ed. 549, and affirmed the denial of a new trial on an adequate state ground.

With the opinion thus amended the petition for rehearing is denied.