UNITED STATES ex rel. John BARTOLILLO, Petitioner,

v.

J. E. LAVALLEE, Warden of Clinton Prison, Dannemora, New York, Respondent.

Civ. No. 8126.

United States District Court
N. D. New York.

Aug. 2, 1960.

John Bartolillo, petitioner pro se.

Louis J. Lefkowitz, Atty. Gen., State of New York, Albany, N. Y., Raymond B. Madden, Asst. Atty. Gen., Troy, N. Y., of counsel, for the United States.

Edward S. Silver, Dist. Atty., Kings County, Brooklyn, N. Y., William I. Siegel, Asst. Dist. Atty., Brooklyn, N. Y., of counsel, for respondent.

JAMES T. FOLEY, District Judge.

The petitioner was convicted after trial by jury before Judge Leibowitz of Grand Larceny First Degree, in Kings County Court in 1957. He was sentenced as a second felony offender to serve not less than six years, and no more than ten years. He appealed the conviction to the Appellate Division, Second Department and that Court assigned Attorney Samuel Bader to prosecute such appeal, and authorized the appeal to be heard on the original minutes and typewritten briefs. While the appeal was pending, Mr. Bader initiated a coram nobis proceeding before Judge Leibowitz, and after protracted hearings covering a period of three days, June 13, 20, 25, 1958, Judge Leibowitz by order dated February 20, 1959, denied the application for coram nobis without opinion. The ground for this application was that the defendant's constitutional rights to the effective aid of counsel had been denied him on the trial.

The appeals from the judgment of conviction and denial of coram nobis were consolidated, and such were affirmed without opinion. People v. Bartolillo, 9 A.D.2d 690, 191 N.Y.S.2d 582. According to the petition, Judge Desmond of the New York Court of Appeals on December 31, 1959 denied leave to appeal to that Court. Petition for a writ of certiorari was denied by the U. S. Supreme Court May 16, 1960. 80 S.Ct. 1064.

Upon the filing of the petition for a writ of habeas corpus, I issued an order to show cause to the Attorney General and District Attorney of Kings County. Assistant District Attorney Siegel in his usual cooperative fashion has filed a detailed, reasoned and clarifying affidavit in opposition. He has also furnished me the stenographic minutes of the trial and the extensive coram nobis hearing and the briefs filed by both sides in the Appellate Division. The Attorney General, by letter, concurs in the presentation of Assistant District Attorney Siegel.

The only claims in the petition, in my judgment, worthy of federal consideration are those alleging there was an arbitrary discharge of his counsel before trial without the petitioner's knowledge and setting the case down for immediate trial without affording new assigned counsel an adequate opportunity to prepare the case for trial. I have read through the lengthy minutes of the coram nobis hearing. There is much colloquy contained therein, in my opinion, not too relevant to the question at hand, but important testimony was obtained from the two attorneys involved in the representation of the petitioner. Mr. Glass who was first assigned by Judge Barshay to defend the petitioner admittedly did not appear on several occasions when he should have, particularly and most important at the calendar call before Judge Leibowitz to set the case down for trial. He did offer the commendable reason that his mother was gravely ill at the time, but this was not communicated to the Judge and he was well within his power to set the case down for trial and assign new counsel. Also, Mr. Glass made no formal or informal application to the Judge to be reassigned after Attorney Kaplan was assigned by Judge Leibowitz. The counsel he assigned, Mr. Kaplan, was acknowledged by everyone to be a man of considerable experience in the criminal field. There is an unclear haggle in the minutes whether Mr. Glass, while assigned, received a $100 retainer or a possible $750 retainer, thus changing from an assigned lawyer to a retained attorney. However, Mr. Bader in his brief for the petitioner presented to the Appellate Division, which has been sent to me by the petitioner and shall be filed with the Clerk,

concedes that Mr. Glass at all times occupied the role of assigned counsel. The impression I receive from the minutes is that Mr. Glass was more than willing to relinquish the defense to Mr. Kaplan, return the $100 check, and also turn over the elaborate writings of defense strategy to Mr. Kaplan that had been given him by petitioner.

■ The question of whether Mr. Kaplan had adequate time to prepare is also answered to my satisfaction by his testimony at the coram nobis hearing. He was a busy, experienced criminal lawyer and any contact with the criminal side of the law teaches that such trained lawyers absorb quickly and some even prepare and mold their defense as the prosecution presents its case. He had the benefit of the inspection of the indictment and discussions with the prosecutors before he talked with the petitioner. He had the opportunity to read the substantial notes of the petitioner which he received from Attorney Glass. With all charity, I say the petitioner himself must have aided the proper diagnosis of the dilemma because he had been tried and convicted twice before in Kings County Court. Mr. Kaplan was assigned on March 12, and the case was tried on March 20, lasted three days, and I am sure during that period of trial alone Mr. Kaplan had the benefit of much consultation with the defendant and the Court and Assistant District Attorney on legal problems involved. Most important of all to me, Mr. Kaplan testified he had no thought of requesting an adjournment, nor did the petitioner request him to do so. The testimony of Mr. Kaplan that he was prepared in his professional judgment to try the case in the manner he did is supported by letters disclosed in the stenographic minutes from the petitioner to him long after the trial. The letters were grateful and commendatory, and were not the ones of a person to an attorney who was not adequately prepared to represent him. My reading of the minutes furnished to me satisfies that the petitioner received a fair trial, that

Judge Leibowitz was not arbitrary in assigning new counsel under the circumstances, and by the appointment of experienced, competent counsel, acted in a reasonable, just and expeditious manner. Such approach is mandatory to meet the vexing problems of the administration of justice in this extremely congested metropolitan area. In this spirit of fairness, it should be noted that the Judge delayed his decision on the coram nobis application for a long period with a suggestion to the Assistant District Attorney that a search be made for a witness considered important by the petitioner. The Judge honestly believed and expressed his opinion that such witness was a phantom and fiction of a clever criminal imagination. Mr. Siegel states in his affidavit that search was made by a detective and the witness was never located. In my judgment, this is the ultimate of fair dealing.

■ I am content to accept the result of the hearing, review and decision of the State Courts. United States ex rel. Salemi v. Denno, 2 Cir., 235 F.2d 910; Brown v. Allen, 344 U.S. 443, 458; 497–508, 73 S.Ct. 397, 97 L.Ed. 469; United States ex rel. Hyde v. McMann, 2 Cir., 263 F.2d 940. I often wonder now how far we are to intrude into these imponderables of the State Court criminal administration, because I keep in mind always the old principle reiterated by Mr. Justice Harlan in Hoag v. New Jersey, 356 U.S. 464, 468, 78 S.Ct. 829, 2 L.Ed. 2d 913, that it has long been recognized as the very essence of our federalism that the States should have the widest latitude in the administration of their own systems of criminal justice.

The petition is denied and dismissed. The stenographic minutes and New York briefs shall be returned to Mr. Siegel, as he requested, to be provided for the Court of Appeals, Second Circuit, if and when an appeal is taken. The papers herein shall be filed by the Clerk of this Court without the usual requirement for the prepayment of fees, and it is

So ordered.