Paul J. Widlitz, J.
Defendant moves for a trial by jury of certain issues of fact raised by him in connection with a hearing on his application in the nature of a writ of error coram nobis. By an order of the Appellate Division, Second Department, dated March 25, 1960, the petitioner’s application was granted to the extent that a hearing was ordered to be held to inquire into the truthfulness of the allegations contained therein. Defendant asserts that he is entitled to a trial by jury as a matter of right. ,
The writ of error ooram nobis at common law was essentially a civil proceeding (State v. Calhoun, 50 Kan. 523; Mitchell v. State, 179 Miss. 814), fashioned after the practice of equity courts to review their own judgments (see Bronson v. Schulten, *346 104 U. S. 410, 416, 417). While the writ was specifically abolished in this State by the enactment of section 515 of the Code of Criminal Procedure (L. 1884, ch. 372), present-day practice still alludes to a remedy in the nature of a writ of error coram nobis (see The Writ of Error Coram Nobis, Judge Fuld, N. Y. L. J., June 5, 1947, p. 2212, cols. 1-3; June 6, 1947, p. 2230, cols. 1-3; June 7, 1947, p. 2248, cols. 1-3).
The power of this court, therefore, to entertain defendant’s application does not rest upon common-law practice under the old writ but, rather, the inherent power of a court to review its own judgments (Matter of Lyons v. Goldstein, 290 N. Y. 19).
The hearing to be conducted in this proceeding makes no determination as to the guilt or innocence of defendant. It merely determines whether defendant was afforded procedural due process upon the trial of the charges against him or whether the judgment was induced by fraud (People v. Sullivan, 3 N Y 2d 196). The decision of the court at the conclusion of the hearing determines the narrow issue as to whether defendant’s conviction should stand or be vacated (People v. McCullough, 300 N. Y. 107).
Unless the Code of Criminal Procedure or the State Constitution affords defendant the right to a trial by jury in this proceeding, no such right is available to him (People ex rel. Hirschberg v. Orange County Court, 271 N. Y. 151). There is -no authority for a jury trial of such issues in the Code of Criminal Procedure or elsewhere in the statutes of this State, nor is a jury trial in this type of a proceeding a matter of constitutional right (People v. Siciliano, 203 Misc. 441).
This court, therefore, concludes that the defendant is not entitled to a trial by jury, and the defendant’s motion is, in all respects, denied.