The UNITED STATES of America ex rel. Ahmed KASSIM, Relator-Appellant,

v.

Walter H. WILKINS, Warden of Attica State Prison, Respondent-Appellee.

No. 101, Docket 26890.

United States Court of Appeals Second Circuit.

Submitted Jan. 5, 1962.

Decided Jan. 19, 1962.

Ahmed Kassim, pro se.

Frederick E. Weeks, Jr., Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen., on

the brief; Irving Galt, Asst. Solicitor Gen., John J. O'Grady, Asst. Atty. Gen., of counsel), for respondent-appellee.

Before WATERMAN, KAUFMAN and MARSHALL, Circuit Judges.

PER CURIAM.

Petitioner is held on a judgment of the Erie County (N. Y.) Court convicting him of manslaughter in the first degree on November 7, 1958, and sentencing him to a term of 5 to 10 years in Attica Prison. His motion for a new trial on the ground of newly discovered evidence was denied. His conviction was affirmed by the Appellate Division, People v. Kassim, 10 A.D.2d 905, 202 N.Y.S.2d 267 (4th Div.1960). Leave to appeal to the Court of Appeals of New York was denied on June 17, 1960 and certiorari was denied by the Supreme Court of the United States, 364 U.S. 887, 81 S.Ct. 179, 5 L.Ed.2d 108 (1960). Petitioner has exhausted state remedies.

The petition for a writ of habeas corpus filed in the United States District Court for the Western District of New York claimed that Kassim's conviction was void because (1) there was an unreasonable delay in arraignment; (2) the trial court failed to provide an interpreter; (3) his confession was improperly admitted into evidence; (4) a knife was improperly admitted into evidence; (5) the trial court improperly charged the jury; and, (6) a motion for a new trial on the grounds of newly discovered evidence was improperly denied.

Judge Burke read the trial record and appellate briefs of both sides and concluded it was not necessary to have the petitioner present. He made extensive findings of fact and conclusions of law

before denying the application for a writ of habeas corpus. He issued a certificate of probable cause and granted permission to appeal *in forma pauperis*. But we find no merit in the appeal.

■ Where an adequate hearing of the issues has been had before state tribunals, federal courts need not again hear the petitioner in person but may decide the case after an independent examination of the transcript and record of the state proceedings. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1954).

■ It is not disputed that petitioner was held for approximately 36 hours before being presented to a magistrate. All agree, however, the confession was obtained within two hours after his arrest. Petitioner made no claim at trial he was illegally held before being 'presented to the magistrate. This claim is without merit. United States ex rel. Petersen v. La Vallee, 279 F.2d 396 (2 Cir., 1960).

■ As for the failure to provide an interpreter, the defendant was asked at the start of trial whether he understood English, and he replied "yes." A reading of the record supports the finding there was no necessity for the use of an interpreter. Petitioner's attack on the admission of the confession also relies on the above two claims and is similarly without merit.

■ Petitioner's other claims all involve state procedural rules outside the orbit of federal judicial cognizance. Lisenba v. California, 314 U.S. 219, 62 S.Ct. 280, 86 L.Ed. 166 (1941); United States ex rel. Salemi v. Denno, 235 F.2d 910 (2 Cir., 1956).

Affirmed.