**UNITED STATES of America ex rel. John W. HOLLAND, Petitioner,**

v.

**Hon. Robert E. MURPHY, Warden of Auburn State Prison, Auburn, New York, Respondent.**

**Civ. No. 9252.**

United States District Court
N. D. New York.

Feb. 21, 1963.

John W. Holland, petitioner, pro se.

Louis J. Lefkowitz, Atty. Gen. of New York, Albany, for respondent, Raymond B. Madden, Asst. Atty. Gen., of counsel.

JAMES T. FOLEY, District Judge.

The petitioner specifically by his petition for a writ of habeas corpus challenges only a judgment of conviction entered against him on May 22, 1953 in Nassau County, New York. The petition is accompanied by copies of pleadings and briefs filed in the State Courts. He was thereby sentenced to an indeterminate term of ten years maximum and five years minimum, with credit for time already served. There is an interesting prologue to this challenged judgment, which was one of resentence, indicating again the fair and conscientious consideration these criminal matters receive continuously in the Courts of New York. The petitioner originally pleaded guilty on June 19, 1951 to Burglary Third Degree and was informed against as a second offender and sentenced August 3, 1951 to a term of from five to twenty years. The conviction was affirmed by the Appellate Division, Second Department, but the Court of Appeals, New York, reversed for the reasons set forth in the dissenting opinion of the Appellate Division below, holding that the previous federal Mann Act conviction used against him was not a comparable felony under the New York law, and remanded for the resentencing that was done May 22, 1953. (People v. Holland, 10 A.D.2d 884, 200 N.Y.S.2d 906; 305 N.Y. 617, 111 N.E.2d 734).

Thereafter in 1956, he filed a coram nobis petition in the Nassau County Court claiming that in 1951 when he pleaded guilty an Assistant District Attorney "induced, deceived and coerced him by fraud and misrepresentation into stopping a jury trial and entering a plea of guilty to Burglary, Third Degree, as a *First Offender*". County Judge Widlitz, ruling upon a second petition filed with the Nassau County Court based upon this claim, denied it without a hearing. The Appellate Division, Second Department, reversed and directed a hearing be held. (10 A.D.2d 884, 200 N.Y.S.2d 906 (1960). Before the hearing the petitioner moved for a jury to decide the issues of the coram nobis motion and for a change of venue, and such were denied in a reasoned decision by Judge Widlitz. (27 Misc.2d 345, 209 N.Y.S.2d 58). Apparently, the same relief was requested of County Judge Dowsey who held the hearing, denied the same and refused to vacate the 1953 conviction. The denial was affirmed without opinion. (15 A.D.2d 809). The petition asserts leave to appeal was denied by Chief Judge Desmond of the New York Court of Appeals, and certiorari denied. (371 U.S. 836, 83 S.Ct. 60, 9 L.Ed.2d 71). This history is mainly the result of my own independent research, particularly as to citations that are not set forth in the petition by any reference.

Only to clarify the record and lessen the intended confusion, if possible, inasmuch as I had serious doubts as to the federal substance of the challenge from a mere reading of the petition, an Order to Show Cause was issued to the Attorney General of New York and the District Attorney of Nassau County. An answering affidavit for the Attorney General has been filed and will be made part of the record. It is also important to note that there was no reference at all in the petition to me that Holland had a pending application for habeas corpus before Chief Judge Brennan challenging a 1959 conviction for Burglary, Third Degree, and Petit Larceny, based upon his plea of guilty in Westchester County. The ap-

plication herein was received by me November 23, 1962 and filed with the Clerk November 28, 1962. Chief Judge Brennan by decision dated December 31, 1962 denied the challenge to the Westchester 1959 conviction. The two convictions are different ones, and the petitioner keeps them unrelated, but we do have here a good example of specialized shopping— I assume for some reason of strategy— between the two Judges of this District without honest disclosure to either. It should be stated in fairness to other state prisoners that it does not happen often. However, in my judgment, the Great Writ is fast diminishing to midget size by reason of its indiscriminate and routine use by state prisoners of New York as merely another step in filing for appellate review of their state convictions.

▮ To keep strictly within the bounds of the application presented to me, there is no meritorious or substantial federal question involved. (United States ex rel. Lowery v. Murphy, 2 Cir., 245 F.2d 751). No system of criminal justice could give more consideration and conscientious review to the challenge of the petitioner than was given by New York Courts to the 1951 conviction. Holland was represented throughout by lawyers, and I am more than content to accept the decisions of the trial and appellate Courts of New York. (United States ex rel. Salemi v. Denno, 2 Cir., 235 F.2d 910; Brown v. Allen, 344 U.S. 443, 458, 463–465, 73 S.Ct. 397, 97 L.Ed. 469; Gryger v. Burke, 334 U.S. 728, 731, 68 S.Ct. 1256, 92 L.Ed. 1683). There is no constitutional right to a jury trial in a state coram nobis proceeding. The claim that the prosecution promised to recommend a lesser sentence than imposed, by itself, does not rise to constitutional stature, particularly where a defendant has counsel, and such promise is in no way binding upon the sentencing court. (United States ex rel. Wissenfeld v. Wilkins, 2 Cir., 281 F.2d 707, 712).

The petition is denied and dismissed. The papers shall be filed by the Clerk without the prepayment of fee.

It is So Ordered.