**James Clyde MEEKS, Petitioner,**

v.

**Percy A. LAINSON, Warden, Iowa State Penitentiary, Respondent.**

United States Court of Appeals
Eighth Circuit.

Aug. 20, 1956.

Before GARDNER, Chief Judge, and WOODROUGH and VAN OOSTERHOUT, Circuit Judges.

WOODROUGH, Circuit Judge.

The petitioner is confined in the Iowa State Penitentiary under conviction and sentence by the district court of Wapello County, Iowa, for violation of Section 718.2, Iowa Code Annotated, State v. Meeks, 245 Iowa 1231, 65 N.W.2d 76. On May 8, 1956, he applied to the United States District Court for the Southern District of Iowa for a writ of habeas corpus on the ground that:

The indictment against him was in the short form prescribed by Section 773.3, Iowa Code Annotated; that said section is null and void because it was enacted by the 43rd

General Assembly of Iowa which was an illegal body; it was an illegal body because the General Assembly of Iowa has failed to obey the mandate of Article 3, Section 34 and Article 12, Section 1 of the Iowa Constitution; said Article 12, Section 1 of the Iowa Constitution provides that the General Assembly of Iowa shall pass all laws necessary to carry the Constitution into effect, and Article 3, Section 34 required that the number of senators be fixed by law and apportioned according to the number of inhabitants at each session of the General Assembly following each State and United States census.

The General Assembly has not obeyed this mandate of the State Constitution during the 39th, 40th, 41st, 42nd, and 43rd sessions as is shown by the Session Laws for those sessions.

Petitioner was denied due process under the 14th Amendment because the 43rd Legislative Assembly being an illegal body, Section 773.3, which it purported to enact, was void; the indictment against him rested on that section was void; the conviction under this indictment was void and in consequence the ensuing imprisonment deprives petitioner of liberty without due process.

Petitioner's application for the writ, filed May 8, 1956, was denied by Judge Ronald N. Davies [assigned] by order which declared that "the legality of petitioner's detention has already been determined by the district court on a prior application for a writ of habeas corpus", Meeks v. Lainson, Iowa, 71 N.W.2d 446, and that "the petition presents no new ground not theretofore presented and determined." 28 U.S.C.A. § 2244.

Thereafter, on May 12, 1956, petitioner applied to the same judge for certificate of probable cause, and for leave to appeal in forma pauperis from the denial of the writ of habeas corpus. On May 18, 1956, Judge Davies allowed petitioner to file notice of appeal in forma pauperis, but denied petitioner's request for certificate of probable cause and denied him leave to appeal in forma pauperis.

Thereupon, petitioner filed notice of appeal to this Court in forma pauperis, and applied to the Chief Judge of this Court for certificate of probable cause under 28 U.S.C.A. § 2253, and for leave to prosecute appeal in forma pauperis from the order denying the writ. The Court of three members has been convened to hear and decide the case.

In the petition for the writ of habeas corpus submitted to and considered by Judge Davies, a number of charges of unlawfulness in the detention of the petitioner were set forth at length, and the bulk of the petition was extended by excerpts from an editorial from the Burlington Hawk-Eye Gazette incorporated in it concerning the alleged failure of the Iowa Legislature to make apportionment of members.

But in the present application for certificate of probable cause now before us, petitioner has explained that if there is any doubt or confusion as to what the issue is [in his present petition for habeas corpus], " * * * That the issue presented in the application for writ of habeas corpus in this case *. *. *. is stated in Paragraph three of the Petition and that all other paragraphs in said petition are merely descriptive, etc."

The issue stated in Paragraph three is the charge above set forth that petitioner is unlawfully imprisoned because the Iowa Legislative Assembly, which purported to enact the section, 773.3, authorizing the short form of indictment on which petitioner was tried, was an illegal body in that the state constitutional provisions requiring apportionment of its members to be made following the taking of the state and national census has not been complied with, and in consequence, petitioner was denied due process of law under the 14th Amendment of the Constitution of the United States.

Petitioner insists that the district judge was in error in concluding that

the issue outlined, appearing in the petition for habeas corpus of May 8, 1956, was "no new ground not heretofore presented and determined." Our search of the record does not disclose that it has heretofore been specifically presented to and passed upon by the federal court.

But it is clear that it does not present any grounds for the exercise of federal jurisdiction in habeas corpus. The petitioner is imprisoned under state authority, and the unlawfulness of his detention, now asserted by him, is rested entirely on the alleged illegality of the 43rd Iowa Legislative Assembly and consequent invalidity of its enactments. Petitioner exhausted all state remedies based on that claim, as required by 28 U.S.C.A. § 2254, by submitting petitions which set it forth to the highest court in Iowa and that court denied it without opinion.

■ But there is no showing or reason to believe that the Iowa Supreme Court based that denial upon any federal ground, rather than upon the readily available state ground obviously open to it. The only alleged defect in the organization of the 43rd Iowa Legislative Assembly, claimed to render its enactments void, was the failure of the Iowa legislature to carry out the designated mandates of the state constitution. But those mandates are directed to the legislature and not to the courts. Their language is that "The General Assembly shall pass laws" and "The General Assembly shall fix the ratio of representation" and it is elemental that such constitutional directions to the legislature are not self-executing. As stated in 16 C.J.S., Constitutional Law;

"Constitutional provisions are not self-executing * * * if the language of the constitution is directed to the legislature." § 48, p. 145.

"Although the legislature is bound or concluded by mandatory provisions of a constitution, and it is under an obligation to perform the duties and discharge the functions imposed on it by the constitution in accordance with its mandate, if the legislature fails to do so, and neglects or refuses to pass legislation as required by a mandatory constitutional provision, there is no remedy which can be invoked to compel performance." § 65, pp. 177, 178.

"A constitutional provision which is not self-executing remains inoperative until rendered effective by supplemental legislation." § 48, p. 146.

"Clauses in a constitution which are not self-executing, but which direct legislation to carry them into effect, have at most no more than moral force, even when mandatory in terms; and there is no remedy if the legislature fails to act in accordance with the directions of a mandatory provision." § 48, p. 146.

Many cases are cited in support of these texts. As to Iowa, the last citation is to Pierce v. Green, 229 Iowa 22, 294 N.W. 237, 243, 131 A.L.R. 335, where the court said:

"The provisions of the State Constitution, above noted, are not self-executing, but require legislative action to make them effective."

■ It is true the Iowa Supreme Court did not state the grounds on which it declined to hold the 43rd Iowa Legislative Assembly to be an illegal body or its acts to be void. But, where no federal ground is in any wise indicated as the basis of the state court's action and sufficient grounds afforded by state law are obvious, there can be no occasion or justification for federal interposition.

■ It is settled by the Supreme Court in Durley v. Mayo, 351 U.S. 277, 76 S.Ct. 806, that before an application for habeas corpus presented by a state prisoner may be entertained by a federal court, the prisoner must not only have exhausted state remedies, but it must appear that a federal issue relied on has been presented to and passed upon adversely to petitioner by the highest court of the state.

■ There is no probable cause to believe that petitioner herein is detained in custody in violation of any law of the United States, and certificate of probable cause is denied. Application to appeal in forma pauperis is denied, and appeal may not be had by reason of 28 U.S.C.A. § 2253.