**UNITED STATES of America ex rel. Edgar J. MURDAUGH, Relator-Petitioner,**

v.

**Hon. Robert E. MURPHY, Warden of State Prison at Auburn, New York, Respondent.**

**Civ. No. 7857.**

United States District Court
N. D. New York.

April 26, 1960.

Edgar J. Murdaugh, pro se.

Louis J. Lefkowitz, Atty. Gen., Edward S. Silver, Dist. Atty., Kings County, Brooklyn (Raymond B. Madden, Asst. Atty. Gen., William I. Siegel, Asst. Dist. Atty., Brooklyn, of counsel), for respondent.

JAMES T. FOLEY, District Judge.

This petition for habeas corpus is another challenge to a murder first degree conviction of the State of New York. The petitioner was found guilty of felony murder by a jury in Kings County Court. Judge Leibowitz on December 22, 1955, sentenced him to life imprisonment, accepting the recommendation of the jury

to such effect. The judgment of conviction was affirmed without opinions by the Appellate Division, Second Department, and the Court of Appeals, New York. People v. Murdaugh, 6 A.D.2d 695, 174 N.Y.S.2d 889; 5 N.Y.2d 812, 181 N.Y.S. 2d 208, 155 N.E.2d 119. Later, in the year 1959, reargument was denied by the Court of Appeals and certiorari denied by the United States Supreme Court. 7 N.Y.2d 756, 193 N.Y.S.2d 1030, 162 N.E. 2d 757; 359 U.S. 938, 79 S.Ct. 655, 3 L.Ed.2d 639. Orders to show cause were issued to the Attorney General of New York and the District Attorney of Kings County, and detailed affidavits have been filed in answer to the contentions of the petition.

At the outset, there is a serious and substantial objection in these answering affidavits that there has not been a satisfactory exhaustion of state remedies which would allow this court to entertain jurisdiction on the alleged deprivation of constitutional rights. The two claims deserving of federal consideration in the petition are only those of coerced confession and illegal delay in arraignment. United States ex rel. Lowery v. Murphy, 2 Cir., 245 F.2d 751. It is clear that neither of these points was raised in the briefs presented to the Appellate Courts of New York. Such printed briefs and the points made therein have been filed with me and I shall make them part of this record.

Correspondence exhibits attached to the petition show that three assigned lawyers represented the petitioner at the trial. Apparently, the chief counsel for the defense, Edward H. Levine, a man of experience in criminal trials, advised against appeal because he thought there was not merit in such appeal. The correspondence shows that despite this attitude the Appellate Division, Second Department, on October 25, 1956, assigned Mr. Levine as counsel to prosecute the appeal. After several protests by the petitioner, the Appellate Division on its own motion reconsidered and assigned Benjamin and David Groberg to prosecute the appeal, which they did in the

Appellate Division and the Court of Appeals.

■■ In the briefing by the Grobergs in both Appellate Courts of New York, the legal points made did not involve at all the claims now made by the petitioner. I am never certain that we have any rigidity or definiteness in the procedures of this type application. However, there are clear statements in leading cases that the merits of the alleged federal deprivation must be asserted at each step in the state review. United States ex rel. Kozicky v. Fay, 2 Cir., 248 F.2d 520, 521; Meeks v. Lainson, 8 Cir., 236 F.2d 395, 397. Rights under the federal constitution may be waived by failure to assert such errors on appeal. (Brown v. Allen, 344 U.S. 443, 503, 73 S.Ct. 397, 97 L.Ed. 469), and claims will not be considered which have not been raised in the state tribunal. Darr v. Burford, 339 U.S. 200, 203, 70 S.Ct. 587, 94 L.Ed. 761. It would seem that the failure to present such claims through the proper appellate procedures of New York is fatal to the entertainment of this petition, although it could be argued that the notice of appeal presented the entire trial record to the Appellate Courts of New York for consideration, review and decision. United States ex rel. Cuomo v. Fay, 2 Cir., 257 F.2d 438, 442; certiorari denied 358 U.S. 935, 79 S.Ct. 325, 3 L.Ed.2d 307.

■■ However, despite a strong conviction that the application is legally barred, for peace of mind I still go to the merits of the two federal claims. Mr. William I. Siegel, who has become a familiar figure in this District Court and also, I am sure, in the Court of Appeals, Second Circuit, in his efforts to uphold these murder convictions, has presented to me the record of the trial. United States ex rel. Caminito v. Murphy, 2 Cir., 222 F.2d 698; certiorari denied 350 U. S. 896, 76 S.Ct. 155, 100 L.Ed. 788; United States ex rel. Wolfe v. LaVallee, D.C., 179 F.Supp. 939; 2 Cir., —— F.2d ——; United States ex rel. Williams v. LaVallee, D.C., 170 F.Supp. 582; 2 Cir., 276 F.2d 645. Together with the presentation of the record, Mr. Siegel sets forth in his answering affidavit with references to the record the important testimony relating to the claims of coerced confession and undue delay in arraignment. I am satisfied from reading both that we do not have a combination of undisputed facts that would allow fact-finding contrary to the determinations of the State jury and State courts in that respect. Again, we have the statement of an experienced trial attorney that "it was a very fair charge". (Fol. 1585). There is no claim by the petitioner that he was subjected to physical beating. (Fol. 63). The detectives involved flatly said they gave him food and drink and made no threats as far as the defendant himself was concerned, and none as to his wife and child (Fols. 626, 629). The questioning was not unduly lengthy, seems to have been fair, and would be within that upheld by the Court of Appeals, Second Circuit, in United States ex rel. Eckwerth v. Denno, 2 Cir., 261 F.2d 511; certiorari denied 358 U. S. 945, 79 S.Ct. 355, 3 L.Ed.2d 353. The weekend period gives some excuse for failure to arraign without unnecessary delay and at the most this is only one of the factors to be added up to void the state conviction. United States ex rel. Wade v. Jackson, 2 Cir., 256 F.2d 7, 15; certiorari denied 357 U.S. 908, 78 S.Ct. 1152, 2 L.Ed.2d 1158. My review leads me to the finding that the undisputed facts do not disclose involuntary confession extracted by mental fear or physical torture or such unfair delay in arraignment that a deprivation of constitutional rights occurred.

The order to show cause is dismissed and the petition denied. The papers herein shall be filed by the Clerk of this Court without the usual requirement for the prepayment of fees. Again, the uncertainties of the appellate views of these situations warrant, in fairness to the petitioner, the grant of a certificate of probable cause to enable the petitioner to review this decision in the Court of Appeals, Second Circuit. Such certificate is granted. The trial record shall be

returned to Mr. Siegel with the request that he do as he has several times in the past: make it available to the Court of Appeals when the appeal is taken.

It is so ordered.