■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN OLIVER HUNTER, Appellant.— Appeal by defendant: (1) from a judgment of the County Court, Suffolk County, dated April 23, 1958, convicting him, after a jury trial, of manslaughter in the first degree, and sentencing him, as a second felony offender, to serve from 25 to 40 years; and (2) from each and every intermediate order. Judgment affirmed. No opinion. No separate appeal lies from the intermediate orders, which have been reviewed on the appeal from the judgment of conviction. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PATRICK JAMES JOHN HUSTON, Appellant.— In a *coram nobis* proceeding, the defendant appeals from an order of the County Court, Queens County, dated June 11, 1959, granting his motion for reargument and upon reargument adhering to its original determination of April 14, 1959, which denied, without a hearing, his application to vacate a 1950 judgment of conviction entered on his plea of guilty. Order affirmed. No opinion. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Pette, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM BOLDEN, Appellant.— Appeal by defendant: (1) from a judgment of the County Court, Westchester County, rendered September 3, 1959, convicting him, after trial before the court without a jury, of the crime of feloniously bartering, exchanging, selling and giving away a narcotic drug (marijuana); and (2) from each and every intermediate order. Judgment affirmed. No separate appeal lies from the intermediate orders, which have been reviewed on the appeal from the judgment of conviction. The sole question presented on this appeal is whether the indictment was insufficient because the age of the purchaser of the narcotic drug was not set forth. The defendant contends that such allegation is essential since, under subdivision 1 of section 1751 of the Penal Law, the age of the recipient determines the severity of the punishment. The offense for which defendant was indicted, however, is one created and defined by section 3305 of article 33 of the Public Health Law. This section, *inter alia,* makes it unlawful for any person to sell any narcotic drug except as authorized in said article 33. It is only after conviction and prior to sentence that, pursuant to subdivision 2 of section 3354 of the Public Health Law, the provisions of subdivision 1 of section 1751 of the Penal Law become applicable or effective. But the age of the recipient of the narcotic drug is not an element of the crime and hence it is not a fact which must be pleaded in the indictment. (Cf. *People* v. *Lee Foon,* 275 N. Y. 229.) Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.