**UNITED STATES ex rel. John Oliver HUNTER, Relator,**

v.

**Edward M. FAY, as Warden of Green Haven Prison, Stormville, New York, and the People of the State of New York, Respondents.**

United States District Court
S. D. New York.

Nov. 6, 1961.

Reargument Denied Feb. 8, 1962.

John Oliver Hunter, pro se.

Louis J. Lefkowitz, Atty. Gen., by Norman Friedman, Asst. Atty. Gen., for respondents.

EDELSTEIN, District Judge.

This is a petition for a writ of habeas corpus. Relator is presently confined at Green Haven Prison, Stormville, New York. On April 3, 1958, relator was convicted in the County Court of Suffolk County of manslaughter in the first de-

gree. He was sentenced on April 23, 1958, as a second felony offender, to an indeterminate term of 25 to 40 years in prison. The conviction was unanimously affirmed by the Appellate Division. 10 A.D.2d 1007, 204 N.Y.S.2d 950 (2d Dept. 1960). Leave to appeal to the New York Court of Appeals was denied on September 12, 1960, and certiorari was denied by the United States Supreme Court, 365 U.S. 849, 81 S.Ct. 812, 5 L.Ed.2d 813 (March 20, 1961). Relator then made application for the instant writ.

■ The application is voluminous, repetitious and unclear. But in order to make the protection of the writ "effective for unlettered prisoners without friends or funds, federal courts have long disregarded legalistic requirements in examining applications for the writ and judged the papers by the simple statutory test of whether facts are alleged that entitle the applicant to relief." Darr v. Burford, 339 U.S. 200, 203–204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950). Relator will not be held to the usual standards of pleading or to niceties of correct legal representation. The court's desire to treat the petition with indulgence does not, however, excuse relator from complying with the requirements of 28 U.S.C. § 2254.[1]

Relator alleges generally that throughout the proceedings in the state courts he has been deprived of due process of law and has not been accorded a fair trial. Specifically, as best as the court can determine from a study of the lengthy petition, relator alleges the following: (1) that his conviction was obtained as a result of evidence which was the product of an unconstitutional search and seizure; (2) that his constitutional right to appear before the grand jury was denied him; (3) that the prosecution's opening statement as to proof of similar crimes violated his right to a fair, unbiased, impartial and openminded trial; (4) that his counsel misrepresented himself as a criminal lawyer, that he was incompetent, that he misinformed relator on the law and failed to advise him of certain rights, and that he deliberately sacrificed relator's freedom in order to gain court favors in the future; (5) that the minutes of his trial have been altered and tampered with, thus denying him a fair review and that copies of the minutes have been denied him, thus preventing him from perfecting his petition; (6) that the court was politically motivated and was prejudiced against him due to his American Indian ancestry and due to his prior successful appeal of his first conviction, and that he was made the scapegoat for political corruption in the District Attorney's office; (7) that his sentence is oppressive and unduly severe in view of all the circumstances; (8) that he was denied due process in that the court admitted certain evidence and testimony and excluded other relevant testimony; (9) that the prosecution knowingly used perjured testimony and altered certain photographic evidence; (10) that the extensive comments of the court deprived him of due process in that it deprived the jury of their independent judgment; (11) that his first conviction, upon which a second offender sentence was based, is "faulty"; (12) that the court failed to charge on intoxication even though no request was made; and (13) that the court failed to advise him of his right to have the jury polled.

■ The Attorney General of the State of New York has submitted an affi-

1. "§ 2254. State custody; remedies in State Courts.

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner. An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

davit in opposition wherein he raises the issue that relator has failed to exhaust his state remedies. The exhaustion doctrine grew out of principles of comity and was finally codified in 28 U.S.C. § 2254. See Darr v. Burford, supra, for the history and development of the doctrine. It does not appear from the application before the court that relator has exhausted his state remedies. Thus, I do not reach the merits of relator's contentions, nor do I express any opinion as to which of the grounds presented raises a federal question and which of the grounds does not.

The exhaustion doctrine encompasses more than merely following the state appellate procedure to its culmination in the denial of certiorari by the United States Supreme Court. Exhaustion includes not only the use of available procedural steps, but also raising of the point upon which the jurisdiction of the District Court may be predicated. United States ex rel. Pollock v. Denno, 183 F.Supp. 514 (S.D.N.Y.1960). In order for relator to have exhausted his state remedies, the merits of his constitutional claim must have been presented to the state courts for adjudication. See, e. g., United States ex rel. Cuomo v. Fay, 257 F.2d 438 (2d Cir., 1958); cert. denied, 358 U.S. 935, 79 S.Ct. 325, 3 L.Ed.2d 307 (1959); United States ex rel. Sproch v. Ragen, 246 F.2d 264, 266 (7th Cir., 1957); United States ex rel. Gregory v. People of New York, 195 F.Supp. 527 (N.D.N.Y.1961); United States ex rel. Noia v. Fay, 183 F.Supp. 222, 226 (S.D. N.Y.1960); United States ex rel. Murdaugh v. Murphy, 183 F.Supp. 440 (N.D. N.Y.1960); United States ex rel. Morrison v. Myers, 174 F.Supp. 818, 819–820 (E.D.Pa.1959). "It has long been settled that the federal courts will not consider on habeas corpus claims which have not been raised in the state tribunal * *." Darr v. Burford, supra, 339 U.S. at 203, 70 S.Ct. at 589.

■■ Examination of relator's application reveals that his federal constitutional claims have not been presented to the state courts. Copies of the briefs be-fore the Appellate Division indicate that three issues were raised by relator; (1) that the opening statement of the prosecutor relating to prior crimes was improper and prejudicial; (2) that the failure of the stenographer to record the opening statement is a denial of the right of review; and (3) that the extensive comments of the court influenced the conclusion of the jury. These three issues are similar to the third, fifth and tenth grounds alleged in the instant petition. However, these arguments were addressed to a claimed denial of a fair trial as guaranteed by the New York State Constitution, art. 1, § 6 and the Code of Criminal Procedure, § 8, subd. 1. No mention was made of due process and the United States Constitution, nor were any federal cases cited. Thus, it is clear that the courts of New York have not been afforded an opportunity to pass upon relator's constitutional claims. This is all the more apparent with regard to the claim involving the introduction of evidence resulting from an unconstitutional search and seizure. Relator appears to rely on Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961) decided by the Supreme Court late last term. Clearly, the state courts should be afforded the initial opportunity to evaluate any possible retroactive effect that this decision may have on their criminal procedures. See United States ex rel. Gregory v. People of New York, 195 F.Supp. 527, 528 (N.D.N.Y. 1961); New York Law Journal, October 25, 1961, p. 1.

■ Relator contends, in his reply affidavit, that he has exhausted his state remedies. His efforts to recover the property seized and to obtain a copy of certain testimony are not the exhaustion that § 2254 contemplates. Relator has not shown either that this case is one of special circumstances or that there is an absence of available state corrective process. It would appear that a procedure does exist whereby relator may present to the New York courts his constitutional claims. See United States ex rel. Williams v. La Vallee, 276 F.2d 645, 648 (2d Cir.), appeal dismissed, 362 U.S. 637, 80

S.Ct. 1082, 4 L.Ed.2d 1019 (1960) and cases there cited.

Accordingly, relator's petition is denied. The papers will be filed without the requirement for the prepayment of fees.

So ordered.

### Motion for reargument.

■ Relator has failed to comply with Rule 9(m) of the General Rules of the Southern District of New York requiring that motions for reargument be served within ten (10) days after determination of the original motion. In accordance with the policy enunciated in the original opinion, see Darr v. Burford, 339 U.S. 200, 203–204, 70 S.Ct. 587, 94 L.Ed. 761 (1950), the Court is disposed to overlook this technical noncompliance with the rule and will treat this motion on its merits.

In the court's opinion of November 6, 1961, relator's petition was denied on the ground that he failed to exhaust his state remedies. 28 U.S.C. § 2254. I have studied relator's affidavit on his motion for reargument as well as the entire file of this case, and find nothing therein to persuade me to change my original decision. Accordingly, the motion for reargument is denied.

So Ordered. No settlement is necessary.