**UNITED STATES of America ex rel. Calvin MILLIGAN**

v.

**A. T. RUNDLE, Supt. State Correctional Institution, Philadelphia, Pennsylvania.**

**Misc. No. 3209.**

United States District Court
E. D. Pennsylvania.

Dec. 7, 1966.

John B. Hannum, Philadelphia, Pa., for relator.

Robert F. Hawk, Asst. Dist. Atty., Butler County, Butler, Pa., for respondent.

## OPINION

KRAFT, District Judge.

Calvin Milligan was convicted on October 10, 1960, in Mercer County, Pennsylvania, upon his plea of guilty to two indictments charging him with the crime of burglary. He was sentenced to *consecutive* prison terms of 8 to 16 years and 2 to 4 years on these bills.[1] No appeal was taken.

State habeas corpus remedies have been exhausted, Com. ex rel. Milligan v. Maroney, 207 Pa. Super. 711, 214 A.2d 518 (1965); allocatur denied by the Pennsylvania Supreme Court on January 10, 1966.

■ The relator is presently serving the *first* of his two Mercer County sentences, which is the only confinement he may now attack under the *federal* rule of McNally v. Hill, 293 U.S. 131, 132, 55 S.Ct. 24, 79 L.Ed. 238 (1934).[2] However, the second Mercer County sentence is afflicted as well with the same due process infirmities which beset the first conviction. Therefore, while we may only consider the constitutionality of the criminal judgment which *now restrains* the relator—as a practical matter, every syllable of our opinion applies to *both* Mercer County convictions.

We find it necessary to consider but one ground raised by the relator; namely, that his plea of guilty was involuntarily induced by a fear that his coerced confession would be used against him at his trial.

From the evidence upon the hearing, which the Commonwealth made no effort to controvert, we find that:

The petitioner was arrested at his mother's home in Pittsburgh, Pennsylvania, on August 26, 1960. He was shuttled among various police stations in Pittsburgh, Allegheny County, until about 9:00 p.m. on August 27, 1960. Later that evening, he was transported 65 miles to the town of Mercer in Mercer County. He was brought before a magistrate, charged with burglary and placed in the custody of the police.

The next morning, the relator was taken to the State Police Barracks in Butler County, some 35 miles distant from Mercer. There he was interrogated until approximately 3:30 in the afternoon. While in Butler, he appeared before a magistrate, and an information was sworn against him. He was then returned to the Mercer County Jail.

On August 29, 1960, he was again removed from the Mercer County jail and taken to the State Police substation in Mercer County. Questioning was resumed by the State Police and he was taken to the Butler State Police barracks. From Butler he was returned to the Mercer County jail later that night.

The next interrogation session commenced on the morning of September 1st when the relator was taken to Butler by the State Police. He was questioned there until about 10:00 p.m., and then transported 12 miles to the Ford City police station in Armstrong County. During much of that night he was prevented from sleeping by the prodding of a policeman.

On the morning of September 2, 1960, the relator was shackled hand and foot and taken by the Ford City police to a

1. Relator was subsequently convicted of two burglaries and prison breach in Butler County, on August 29, 1961, and sentenced to three consecutive prison terms of 5 to 10 years on each charge. These sentences are to commence after the relator completes his present Mercer County sentences.

2. Pennsylvania recently broadened the scope of habeas corpus to permit the writ to be used to attack the validity of a criminal judgment even though the petitioner has not yet begun to serve the sentence. Com. ex rel. Stevens v. Myers, 419 Pa. 1, 20, 213 A.2d 613 (1965); See also the Post Conviction Hearing Act. 19 P.S. §§ 1180–1 to 1180–14.

cabin on top of a hill some 4 miles from Ford City. The cabin, about 15 to 18 feet square, overlooked a pistol range used by the Ford City police.

Upon his arrival at the cabin the relator was questioned concerning a number of unsolved burglaries in the surrounding area. When he denied knowledge of the crimes, he was pushed against the wall by the Chief of the Ford City police. The Police Chief then took a pistol from a cabinet and fired two shots in the general direction of the relator, who ducked in fright. When the relator persisted in his refusal to confess, he was thrown to the floor and kicked and beaten by the three police officers who were present in the cabin.

When relator still refused to confess, his trousers were ripped from his body by the Chief of Police of Ford City. The Chief then took a rope, secured it around the relator's testicles, pulled and continued to pull on the rope until the relator lost consciousness. Upon regaining consciousness the relator was again questioned. His will then broken, he agreed to confess and the group returned to Ford City about 3:00 p.m. that same afternoon.

The relator then signed a confession which was limited to the crimes in Mercer County. His clothes were mended and returned to him and he was taken back to the Mercer County Jail about 9:00 p.m. on the evening of September 2, 1960.

When he arrived at the Mercer County jail, the relator complained to the warden who disclaimed any responsibility for the treatment accorded to the relator. His request for counsel was denied because the state police were not finished with their questioning.

Thereafter, on or about September 7, 1960, the relator was examined by the prison physician, who made a report of his examination. (Rel. Ex. No. 1.) This report revealed that the relator had blood in his urine and had sustained lacera-

tions, abrasions, contusions and swelling to his back, upper lip, and left ear lobe, with tenderness present over his right kidney area and lower jaw.

Relator next made complaint to the Mercer County Prison Board which held hearings on September 7, and 12. At the first hearing, at which one of the two Mercer County judges was present, the warden testified that the relator was badly bruised and had blood in his urine. (Rel. Ex. No. 3.) The second hearing of the Prison Board was attended by both Mercer County judges, one of whom later accepted relator's plea and imposed the sentences now in effect. The relator was permitted to testify in his own behalf, without counsel, and he related the events which led to his confession. No action was taken by the board and the meeting was adjourned.

The relator later learned from another source that:

"It was decided to inform the prisoner that if he desired to make a complaint against the Ford City Police, he would be given transportation there."

On September 16, 1960, the relator appeared with counsel before one of the two judges, present at the Prison Board hearing, and requested a trial continuance. Continuance was denied.

Convinced by this denial and by the total inaction of the Prison Board and the Judges that his situation was hopeless and his confession would be used against him upon trial, relator decided to plead guilty. On October 10, 1960, he entered his guilty pleas before the trial judge, who also had presided at the second Prison Board hearing. Relator's counsel made no statement on behalf of his client, who received sentences aggregating 10 to 20 years.

Words are inadequate to express our shock and condemnation of the barbaric injustice done to the relator. We concur in the belated, but candid, statements of the sentencing judge, set forth in his *Certificate*,[3] (Rel. Ex. No. 2) as follows:

---

3. 28 U.S.C. § 2245. Certificte of trial judge admissible in evidence.

"15. I take no pride in my manner of handling this matter. It seems perfectly clear that if this matter were presented to a Court today, a conscientious Court and a conscientious counsel would have made every effort to determine the truth of the defendant's allegations concerning the happenings at that hunting lodge outside Ford City in September of 1960."

"16. I do not believe that the prisoner's rights were properly protected by myself as a member of the Mercer County Prison Board or as the sentencing Court or by the Counsel who purported to represent him."

█ We conclude that the relator's will was completely overborne, Davis v. State of North Carolina, 384 U.S. 737, 86 S.Ct. 1761, 16 L.Ed.2d 895 (1966); that his pleas of guilty were involuntary and induced solely by the well-founded fear that his coerced statement would be used in evidence against him. United States ex rel. Perpiglia v. Rundle, 221 F.Supp. 1003 (E.D.Pa. 1963); United States ex rel. Cuevas v. Rundle, 258 F.Supp. 647 (E.D.Pa. 1966).

We express to John B. Hannum, Esq., our appreciation for the time, effort and professional skill he has expended on this relator's behalf. His prompt acceptance of appointment as counsel, his diligence in investigation, his preparation and presentation accorded with the highest traditions of the legal profession, to which his grandfather, his father and he have devoted their lives.

### ORDER

Now, this 7th day of December, 1966, it is ordered that:

1. The petition of Calvin Milligan for a writ of habeas corpus is granted and the writ shall issue.

2. Upon the writ the relator, Calvin Milligan, shall be discharged from custody under the sentence he is now serving on the 9th day of January, 1967, unless the District Attorney of Mercer County shall meanwhile have filed notice of appeal or have listed the relator for immediate re-trial.