UNITED STATES of America ex rel.
Preston BOYD, #87620

v.

Theodore BOTULA, Warden, Allegheny
County Workhouse, Blawnox, Pa.

Civ. A. No. 67–196.

United States District Court
W. D. Pennsylvania.

June 9, 1967.

Robert T. Messner, Pittsburgh, Pa., for petitioner.

Robert F. Hawk, Asst. Dist. Atty., County of Butler, Butler, Pa., for respondent.

## OPINION AND ORDER

MARSH, District Judge.

Preston Boyd, the relator, filed a petition in forma pauperis for a writ of habeas corpus. The court issued a rule to show cause why the writ should not be granted and a hearing held as prayed for by relator. At his request counsel was appointed to represent him. Pursuant to order of this court, the District Attorney of Butler County furnished the records of the proceedings involving the relator's conviction in the Butler County Criminal Court. Local Rule 16(g), W.D. Pa.; Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). The Commonwealth moved to dismiss the petition. We are of the opinion that this motion should be granted.

The furnished records show that the relator and one Milligan were indicted for burglary and larceny at No. 3 December Sessions, 1960, in the Court of Oyer & Terminer of Butler County.[1] Both were convicted on this indictment after a trial by jury. On July 7, 1961, the relator was sentenced to imprisonment for a minimum term of 2½ years and a maximum term of 5 years, to be computed from September 2, 1960.[2] The maximum term expired on September 1, 1965.

The return of the respondent shows that relator is now imprisoned in the Allegheny County Workhouse at Blawnox, Pennsylvania, as a parole violator based upon a prior conviction in the Criminal Court of Allegheny County, Pennsylvania.[3] The return shows that on March 6, 1957, at No. 1 October Term, 1953, the Court of Oyer & Terminer of that County sentenced relator to imprisonment for a minimum term of 2 years and a maximum term of 8 years, beginning on February 19, 1957; that he was paroled on

January 15, 1960; that on July 19, 1963, he was committed to the Allegheny County Workhouse as a parole violator "to serve the time remaining on the sentence imposed at No. 1 October, 1953 Term of O & T Court that was unserved at the time of his release on parole on January 15, 1960. His present maximum release date on this sentence is September 23, 1968." The judgment of the Allegheny County Criminal Court is not under attack. The relator is legally serving the unexpired portion of that sentence. 61 Purdon's Pa.Stat.Ann. § 331.21a; Commonwealth ex rel. Boyd v. Pennsylvania Board of Parole, 83 Dauphin Cty.Repts. 45, aff'd by the Supreme Court of Pennsylvania, 418 Pa. 626, 211 A.2d 282 (1965).

The Pennsylvania Board of Parole is not a party to this action. Even if it were, this federal court has no supervision over the discretion reposed by Pennsylvania law in the Parole Board with respect to granting or revoking parole. Since parole is a matter of grace and not of right, its revocation by the Parole Board does not give rise to a federal constitutional question. Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566 (1935); United States ex rel. Bogish v. Tees, 211 F.2d 69, 71 (3d Cir. 1954); In re Smigelski's Petition, 185 F.Supp. 283 (D.N.J.1960). Cf. United States ex rel. Harbaugh v. Commonwealth of Pennsylvania, 267 F. Supp. 948 (W.D.Pa.1967).

Although relator's appointed counsel filed an answer to the petition to dismiss habeas corpus, alleging on information and belief, that "the sole incident alleged as a violation of Relator's parole is the 1961 burglary conviction * * *" in Butler County, this federal court has no

---

1. Relator was also indicted for burglary and larceny at No. 2 December Sessions, 1960; this indictment was not tried. The records furnished do not disclose the disposition thereof, but in a former proceeding relator states it was nolle prossed.

2. The judgment of sentence was not among the records produced by the District At-

torney. However, the existence and provisions thereof have been confirmed by the relator (petition, p. 2, ¶ 5), by the District Attorney (petition to dismiss habeas corpus, p. 1), and by the trial Judge (opinion of July 8, 1966, p. 5).

3. The return of the respondent is contained in a letter addressed to this court and filed March 28, 1967.

power to usurp the functions of the Parole Board and order his release on parole or otherwise. Relator's release lies entirely in the discretion of the Parole Board. The Board may or may not agree with counsel that relator's parole was revoked *solely because of his 1961 Butler County conviction of burglary*. Indeed, the contrary appears from a prior petition for the writ filed by the relator in this court at Civil Action No. 65–1086 in which the relator himself averred that on August 30, 1960, he was arrested for parole violation. He reiterated this fact in a civil action filed in this court at Misc. No. 2997, stating that on Monday, August 29, 1960, a warrant for violation of parole was issued by the Parole Chief of Allegheny County, Pennsylvania, H. Cancelmi, who was named as one of the defendants in that suit. Also, in a prior petition for habeas corpus filed in this court at Misc. No. 3134, relator stated that the Parole Board authorities issued a warrant for his arrest on August 29, 1960 for parole violation. Since this date was long prior to his conviction in Butler County on June 14, 1961, we cannot agree with counsel that the "sole incident alleged as a violation of Relator's parole is the 1961 burglary conviction." For all we know, the Parole Board may have had other good and sufficient reasons for revoking his parole.

■ Thus, we think Ex Parte Hull, 312 U.S. 546, 61 S.Ct. 640 (1941) and DiMarco v. Greene, 254 F.Supp. 776 (N.D.Ohio 1966), relied on by relator, wherein it appears that the sole bases for parole revocations were subsequent invalid convictions, are not controlling. In the matter sub judice, since the maximum sentence imposed in the Butler County conviction has expired, this court has no jurisdiction to entertain the current petition for the writ because if granted it will not effect the relator's

discharge from legal custody under a prior valid conviction. Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963 (1960); McNally v. Hill, Warden, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934). Although relator is not at liberty in the sense that he is not in prison, he is at liberty from the expired Butler County judgment, and is serving the remainder of a valid sentence imposed by the Allegheny County Criminal Court.

Even if it should be held that the Butler County conviction could be collaterally attacked after the expiration of its judgment of sentence, in our opinion the relator would not be entitled to an evidentiary hearing in this court on the grounds set forth in his petition.

■ He alleges that evidence was removed from his home without a search warrant and admitted in evidence at his trial. No factual details appear. We have examined relator's former petitions for the writ in the state court, i. e., on or about March 16, 1962,[4] and early in 1965, at Ms.D. No. 33 March Term, 1965,[5] and fail to find any similar allegation. Therefore, in our opinion, a hearing would not be granted on the alleged warrantless search and seizure until relator had exhausted his state remedies. Durley v. Mayo, 351 U.S. 277, 76 S.Ct. 806, 100 L.Ed. 1178 (1956); United States ex rel. Langer v. Ragen, 237 F.2d 827, 829 (7th Cir. 1956); Meeks v. Lainson, 236 F.2d 395, 397 (8th Cir. 1956); United States ex rel. Anderson v. Cavell, 148 F.Supp. 681, 685 (W.D. Pa.1957), aff'd 249 F.2d 656 (3d Cir. 1957); United States ex rel. Ackerman v. Johnston, 139 F.Supp. 890 (W.D.Pa. 1955), aff'd 235 F.2d 958 (3d Cir. 1956). "It is axiomatic that the state courts are as much the guardians of the federal constitutional rights of its prisoners as are the federal courts." Wiggins v. Ragen, 238 F.2d 309, 313 (7th Cir. 1956).

4. A copy of this state court petition was attached to his petition for the writ filed in this court on November 23, 1962, at Misc. No. 3134.

5. A copy of this state court petition was attached to his petition for the writ under consideration filed in this court on February 13, 1967. Also see Opinion of Judge Shumaker, p. 919.

It is evident from the Order of the Supreme Court remanding the record to the State Court for a hearing to determine the voluntariness of the confession introduced at the trial in accordance with Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), and the opinion of Judge Shumaker, that the issue of illegal search and seizure was not presented to those courts.

■ Relator alleges that his confession admitted in evidence at the trial was involuntary and coerced. This allegation has been heretofore raised unsuccessfully in the Court of Common Pleas of Butler County (Ms.D. No. 33 March Term, 1965), and in this court by way of habeas corpus at Misc. No. 3134,[6] and in civil actions for damages at Misc. No. 2997. On this ground he has exhausted his state remedies. But notwithstanding, in our opinion, the relator would not be entitled to an evidentiary hearing.

Pursuant to the mandate of the Supreme Court of Pennsylvania, Judge Shumaker held a hearing to determine the voluntariness of relator's confession. It appears from our examination of the transcript of this hearing and consideration of the fact finding and opinion of the learned judge that the factual issues relating to the claim of involuntary confession were resolved against the claim after a full and fair hearing, at which the material facts were adequately developed, and which resulted in reliable findings amply supported by the evidence. The relator was not entitled to have the factfinder credit his contradicted testimony.[7] He is not entitled to another plenary hearing before a different factfinder on the same issue. It is not alleged that he is in possession of newly discovered evidence. Section 2254, as amended, Public Law 89, November 2, 1966, 28 U.S.C.; Townsend v. Sain, supra, 372 U.S. pp. 312–316, 83 S.Ct. 745 (1963); Brown v. Allen, 344 U.S. 443, 463, 73 S.Ct. 397, 97 L.Ed. 469 (1953); Wade v. Yeager, 377 F.2d 841 (3d Cir. 5/31/67).

Finally, relator complains that no warrant of arrest was ever issued charging him with any crime in Butler County. This ground is without merit. The transcripts of Alderman Armstrong at Nos. 2 and 3 December Term, 1960, both disclose that a warrant was issued to the State Police on oath of Sergeant James D. Barger. See also, photostat of arrest warrant dated August 28, 1960, imprinted on indictment at No. 2 December Sessions, 1960.

We express our appreciation for the time, trouble and diligent efforts expended gratuitously by Robert T. Messner, Esq. on behalf of the relator.

---

6. The petition for the writ at Misc. No. 3134 in this court was denied by an associate Judge on February 8, 1963. No appeal was taken.

7. Relator's reliance on United States ex rel. Milligan v. Rundle, 261 F.Supp. 275 (E.D.Pa.1966) is misplaced. As appears in the opinion of Judge Kraft, the Commonwealth made no effort to controvert the evidence produced by Milligan. In the case sub judice all the officers concerned were called as witnesses by the Commonwealth and testified fully on direct and cross examination in which they categorically denied the relator's assertions of coercion.