STATE ex rel. CARL GENE FISHER

*v.*

LYNN BOMAR, Warden.

(*Nashville*, December Term, 1956.)

Opinion filed March 8, 1957.

HERBERT R. RICH and HERMAN O. LOEWENSTEIN, Nashville, for plaintiff in error.

NAT TIPTON, Advocate General, for defendant in error.

Mr. Justice Prewitt delivered the opinion of the Court.

This is a habeas corpus proceedings in which the relator Carl Gene Fisher, a prisoner in the State Penitentiary, seeks his release on the ground that in the trial of his case in Knoxville, upon the charge of a crime against nature, he did not have an attorney to prepare and file a bill of exceptions for him.

The trial court appointed two attorneys to represent him and after conviction, his attorneys made a motion for a new trial which was overruled.

The relator solicited his attorneys to file a bill of exceptions for him. They told him that it would cost approximately $150 to prepare such bill of exceptions. Later, with the consent of the trial court, his attorneys withdrew from the case.

Relator claims that he wrote several letters to the trial judge seeking an appointment of an attorney to file a bill of exceptions for him. After the time for filing the bill of exceptions expired, relator apparently wrote to the court to appoint an attorney for him. This court appointed Honorable Roy N. Stansberry of the Knoxville Bar, who presented the case here upon the theory that the indictment charged no offense under the law. This contention was rejected in an opinion found in *Fisher v. State,* 197 Tenn. 594, 277 S.W.2d 340.

The petition in this case is filed upon the idea that the relator had the right to have an attorney to prepare his bill of exceptions and prosecute his appeal in this Court.

We are of the opinion that neither the Constitution nor the statutes of this State require that the trial judge appoint an attorney to prepare a bill of exceptions and prosecute an appeal here.

In *Vowell v. State,* 132 Tenn. 349, 178 S.W. 768, 771, it was held that Section IX, Article I of the Constitution is applicable only to trial courts.

The Court in that case said:

"All of these provisions applying incontestably, as they do, to the trial court only, it would seem that the only remaining one must have the same construction, that is, the right of the accused to be heard by himself and counsel."

We are therefore of the opinion that the accused has no constitutional right where convicted of a crime to be represented by a counsel on appeal.

We think what we have just stated is the law elsewhere in this country. See *Lovvorn v. Johnston,* 9 Cir., 118 F. 2d 704; *Moore v. Aderhold,* 10 Cir., 108 F.2d 729; *Savage v. State,* 155 Tex.Cr.R. 576, 237 S.W.2d 315.

It therefore results that we find no error in the judgment of the lower court and it is affirmed.