UNITED STATES ex rel. Willie LOW-ERY, Relator-Appellant,

v.

Robert E. MURPHY, Warden, Auburn Prison, Auburn, New York, Respondent-Appellee.

United States Court of Appeals Second Circuit.

Motion Submitted June 3, 1957.

Decided June 26, 1957.

Willie Lowery, pro se.

Louis J. Lefkowitz, Atty. Gen., State of New York (Lawrence H. Rogovin, Deputy Asst. Atty. Gen., of counsel), for respondent.

Before HAND, LUMBARD and WATERMAN, Circuit Judges.

LUMBARD, Circuit Judge.

The petition for a certificate of probable cause, for appointment of counsel, and for leave to appeal *in forma pauperis* from Judge Brennan's denials of a writ of habeas corpus is denied.

From the two petitions filed by Lowery it appears that he was convicted on July 8, 1952 in the Court of General Sessions for the County of New York of possessing narcotics for the purpose of sale in violation of § 1751(2) of the New York Penal Law, McK.Consol.Laws, c. 40. His petitions admit that when he was arrested on May 18, 1952 the police officers found secreted in the collar of the overcoat he was wearing, some glassine envelopes which contained 167 grains of heroin.

Lowery's complaint seems to be that another paragraph of § 1751(2) was amended to take effect on July 1, 1952, after his offense and before his trial. This amendment reduced from two ounces to one ounce the quantity of nar-

cotics possession of which was sufficient to raise a presumption of an intent to sell. What that subdivision provided prior to July 1, 1952, and after that date is wholly immaterial as Lowery's petition states that the trial judge did *not* charge the jury under this subdivision. Thus, according to Lowery's own statements, the presumption was not applied against him to supply the requisite proof of intent to sell the heroin. As the possession of 167 grains[1] of heroin with intent to sell is a violation of the statute, and as that intent could well have been shown by the proofs before the jury without reference to any presumption, it seems obvious that Lowery's claim is frivolous.

Thus from what was before the District Court it is crystal clear that the petitioner presented no federal question. Judge Brennan so held in two carefully considered opinions filed on April 23 and May 7, 1957. Where no federal question is presented the District Court need go no further; indeed, the District Court should go no further. There was no basis for the application, and the district judge properly decided the petition without a hearing. There is no basis for an appeal; to appoint counsel would be a needless imposition on some member of the bar. We have so held in two cases decided on May 15, 1957, United States ex rel. Tierney v. Richmond, 245 F.2d 222, and United States ex rel. Jones v. Richmond, 245 F.2d 234.

█ It is well established that petitioners for a writ of habeas corpus, under 28 U.S.C.A. § 2241 et seq., who are imprisoned by the commitment of a state court must make a showing that there is some reason to believe that there is a federal question which requires determination—in other words, that a claim of violation of their constitutional rights has some color of substance to it. The federal courts should not interfere where there is no semblance of a substantial claim. Bute v. People of State of Illinois, 1948, 333 U.S. 640, 668, 68 S.Ct.

763, 92 L.Ed. 986; Brown v. Allen, 1953, 344 U.S. 443, 504, 73 S.Ct. 397, 97 L.Ed. 469. Thus in state prisoner cases we deal with considerations quite different from those which may arise upon an appeal from conviction in a federal court. Johnson v. United States, 1957, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed.2d 593, reversing 2 Cir., 1956, 238 F.2d 565 held that where an indigent defendant is asking leave to appeal *in forma pauperis* under 28 U.S.C.A. § 1915, from his federal court conviction, he is entitled to the assistance of counsel to enable him to challenge the finding of the district judge that his appeal is not taken in good faith. Without such assistance indigent defendants might be effectively foreclosed from questioning the action of the district judge. The rationale behind Johnson v. United States does not require the appointment of counsel for a state court prisoner who appeals from an order of the district court which denies him a writ of habeas corpus where it is manifest that his application is wholly lacking in merit.

---

1. More than a quarter of an ounce, but less than half an ounce.