Fboessel, J.
Defendant was indicted for attempted extortion, attempted grand larceny in the second degree, impersonating a public officer and carrying a dangerous weapon after a prior conviction. The grand larceny and dangerous weapon counts were dismissed, while the others were submitted to the jury. They found defendant guilty of attempted extortion only, and he was sentenced, as a second felony offender, to a term of not less than three years and nine months nor more than five year's. His previous conviction was for first degree robbery, second degree grand larceny, third degree burglary and violation of subdivision (5) of section 1897 of the Penal Law.
After a motion to set aside the verdict was denied, an appeal was taken to the Appellate Division by counsel who represented defendant throughout the trial. A copy of the minutes of the trial was sent to that court, and the defendant also had a copy available to him. A motion by defendant to the Appellate Division for leave to prosecute the appeal as a poor person, for leave to have the appeal heard on the original record, and for an enlargement of time, was in effect granted, but his request for assignment of counsel was denied. Defendant thereupon submitted to that court a 16-page brief on appeal, in which he raised numerous points of law. The Appellate Division unanimously affirmed the conviction without opinion.
On defendant’s appeal to this court, we assigned counsel, who submitted a brief contending only that the Appellate Division erred in refusing to assign counsel to appellant in that court. Defendant submitted a supplemental brief on his own behalf, urging lack of jurisdiction in the Court of General Sessions, that the verdict was contrary to law, that the court erred in its charge to the jury and in excluding testimony, and that the prosecutor distorted the evidence.
The trial court clearly had jurisdiction. While the evidence given at the trial by the complainant, Ronald Alter, and the defendant was conflicting as to the events which occurred while they were together on December 14 and 15, 1954, the jury chose to believe Alter ’s testimony, supported by the testimony of two police officers, rather than defendant’s, and we cannot interfere with their resolution of this testimonial conflict.
The jury had the right to find that defendant, after accompanying Alter to his apartment where an act of oral sodomy *76 was committed, searched it at gunpoint, stating to the complainant that he was a police officer and displaying a badge. They were also warranted in determining that defendant told Alter that the latter was under “ temporary arrest ”, that after finding a number of photographs portraying Alter in pornographic poses, defendant stated that “ In a case like this we usually get two to five hundred dollars ”, and that defendant arranged to meet Alter later to receive the money. The evidence was clearly sufficient to support the jury’s verdict of guilt, and, upon examination of the points raised by defendant, we find that there were no prejudicial errors in the course of the trial.
We turn, then, to the contention of defendant’s counsel on this appeal, which the defendant, in a communication to this court, stated he “did not want argued at all”, namely, that the failure of the Appellate Division to assign appellant counsel deprived him of due process by denying him the effective use of the post-conviction legal processes provided by this State.
There is no constitutional or statutory provision which requires the assignment of appeal counsel to an indigent defendant. In the leading case of Betts v. Brady (316 U. S. 455) the Supreme Court of the United States held that a petitioner’s conviction and sentence for robbery in a State court, which did not mandate counsel on arraignment and trial, was not a deprivation of his liberty without due process of law in violation of the Fourteenth Amendment, because of the court’s refusal to appoint counsel at his request. (See, also, Bute v. Illinois, 333 U. S. 640.) New York, however, has provided in section 308 of the Code of Criminal Procedure: “ If the defendant appear for arraignment without counsel, he must be asked if he desire the aid of counsel, and if he does the court must assign counsel.” This right to assignment of counsel is important to a defendant in the various stages of the trial, for it is upon the record that is then made that a determination of guilt or innocence is predicated. Once the record has been made, it cannot ordinarily be changed, and an appellate tribunal is entirely competent to determine whether in a given case the aid of counsel is necessary. Hence section 308 does not require the assignment of counsel on appeal or in any post-conviction proceeding in which a defendant is involved, irrespective of the merits of the appeal *77 or application, although it does provide for compensation to assigned counsel in first degree murder cases.
Indeed, numerous cases may he found in which the contention here made by defendant’s counsel has been considered and rejected by the courts. Among the decisions which hold that a defendant was not constitutionally required to have counsel assigned on an appeal after a conviction are: Mellott v. Underwood (192 F. 2d 1020 [6th Circuit], cert. denied 343 U. S. 967); Gargano v. United States (137 F. 2d 944 [9th Circuit]); Ex Parte Lee (123 F. Supp. 439, affd. 217 F. 2d 647 [1st Circuit], cert. denied 348 U. S. 975); Osborne v. Johnston (120 F. 2d 947 [9th Circuit]); Lovvorn v. Johnston (118 F. 2d 704 [9th Circuit], cert. denied 314 U. S. 607); People v. Logan (137 Cal. App. 2d 331); Sykes v. Warden (201 Md. 662, cert. denied 345 U. S. 937); State v. Lorenz (235 Minn. 221); State ex rel. Fisher v. Bomar (300 S. W. 2d 927 [Tenn. Sup. Ct.]); Savage v. State (155 Tex. Cr. Rep. 576). A like result has been reached by courts considering the question as to whether a defendant was constitutionally entitled to be assigned counsel in a habeas corpus proceeding (United States ex rel. Lowery v. Murphy, 245 F. 2d 751 [2d Circuit]; Thompson v. Johnston, 160 F. 2d 374 [9th Circuit], cert. denied 331 U. S. 853; Brown v. Johnston, 126 F. 2d 727 [9th Circuit], cert. denied 317 U. S. 627; Errington v. Hudspeth, 110 F. 2d 384 [10th Circuit], cert. denied 310 U. S. 638; see, also, 19 A. L. R. 2d 818-822).
The rules enunciated by those decisions have not been affected by the decisions of Griffin v. Illinois (351 U. S. 12); Johnson v. United States (352 U. S. 565); People v. Pride (3 N Y 2d 545), or People v. Kalan (2 N Y 2d 278). In these cases, defendants did not have transcripts of the trial proceedings, which precluded them from obtaining adequate appellate review, no matter how meritorious their cases. Here, defendant has had the transcript as well as a review of his case, upon the record of the trial, by the Appellate Division. Johnson v. United States (supra) dealt with problems peculiar to Federal practice, where the challenge of a trial court’s certification that an appeal is not taken in good faith and such court’s denial of the right to appeal in forma pauperis require the assistance of counsel. The essential difference between that case and the one now before us, governed by our own law and practice, is that in the Johnson *78 case the appellate court did not receive a copy of the trial minutes, and therefore was unable independently to examine the record and determine the merits of the appeal. This was pointed out hy Judge Fraxk in his dissent in the Court of Appeals (238 F. 2d 565, 567). It was also noted in the case of United States ex rel. Lowery v. Murphy (245 F. 2d 751, 752, supra.)
Our dissenting brethren would mandate the assignment of counsel in every case, no matter how frivolous or meritless the appeal. The same reasoning would require the assignment of counsel in all post-conviction proceedings, such as applications for leave to appeal to this court, habeas corpus proceedings, coram nobis and other applications. Many prisoners bring one proceeding after another over long periods of years. The instant case is a clear example of an appeal that has no merit whatsoever. The Appellate Division has found no error in the record before it, nor has counsel whom we assigned on this appeal, nor have we.
Lawyers have always been ready to serve the courts in defense of persons charged with crime, but it would be placing an undue burden on the comparatively small number of attorneys trained in the criminal law to ask them to discharge this heavy obligation in every post-conviction legal proceeding, regardless of its merits, and would in effect make them public defenders at their own expense. In the absence of any constitutional or statutory mandate or decisional authority, we have no right to declare that the assignment of counsel in all post-conviction proceedings is mandatory. Such a requirement involves considerations of broad public policy, and may be dealt with most appropriately by the Legislature.
Unless and until the Legislature acts, the determination of whether counsel should be assigned in post-conviction proceedings in a given case should be left to the court to which the application is made. Such court, whenever appropriate, and with the record available to it and to the defendant, may refuse a request for the assignment of counsel in the proper exercise of discretion. We cannot agree that the courts are unable to discharge their duty to see to it that an indigent defendant is adequately protected.
Accordingly, the judgment of conviction is affirmed.