Fuld, J.
In question is the validity of the Appellate Division’s dismissal of the defendant’s appeal for failure to prosecute. The dismissal was ordered, on the district attorney’s motion, some months after the court had denied the defendant’s application for permission to appeal, “as a poor person,” on the original papers comprising the record. The ground for the denial of the defendant’s application was apparently that urged by the prosecutor, that the appeal lacked substantial merit.
The right to appeal is assured to all defendants, rich and poor alike, by section 517 of the Code of Criminal Procedure and, since this statutory right to appeal does not depend upon the existence of meritorious points, an appellate court may not insist upon an indigent defendant showing substantial merit before entertaining his appeal. What our statute gives, a court may not take away or severely limit. The right to appeal requires a review of the merits upon appeal and is not satisfied by a mere consideration of those merits upon a sub *179 mission of affidavits on an application for leave to have the appeal heard on the original papers. Whether the Legislature may constitutionally enact such a requirement is not, of course, before us (cf. Burns v. Ohio, 360 U. S. 252; Ellis v. United States, 356 U. S. 674; Johnson v. United States, 352 U. S. 565, revg. 238 F. 2d 565), but, certainly, absent such legislation, the Appellate Division could not require an indigent defendant to prove that his appeal had substantial merit before permitting him to prosecute it, as a poor person, on the original record. (See People v. Wilson, 7 N Y 2d 568; People v. Pitts, 6 N Y 2d 288.)
The Appellate Division order should be reversed and the case remitted to that court for further proceedings not inconsistent with this opinion.
Chief Judge Desmond and Judges Dye, Froessel, Van Voorhis, Burke and Foster concur.
Order reversed, etc. ' .