Charles Gregory, petitioner, pro se.

**JAMES T. FOLEY, District Judge.**

The petitioner, a state prisoner, files for a writ of habeas corpus. I denied a similar application by memorandum-decision and order dated July 21, 1959 The challenges in that petition were that he was a victim of entrapment and there was error in the charge of the Court. He had been convicted of grand larceny first degree, and sentenced to 7½ to 10 years as a second felony offender. Thereafter, the Appellate Division, Second Department on December 14, 1959 granted leave to appeal as a poor person and his timely filed appeal from the judgment of conviction was heard. The judgment was unanimously affirmed, (10 A.D.2d 735, 201 N.Y.S.2d 490), apparently leave to appeal to the Court of Appeals was denied, and certiorari denied by the Supreme Court. 364 U.S. 852, 81 S.Ct. 98, 5 L.Ed.2d 75.

As the best evidence that the state prisoners of New York are kept current on constitutional law,—more so than many lawyers and judges,—the petitioner in his petition dated June 23, 1961, cites the recent case of the Supreme

**UNITED STATES ex rel. Charles GREGORY, Defendant-Petitioner,**

v.

**PEOPLE OF the STATE OF NEW YORK; The Hon. Robert E. Murphy, as Warden at Auburn Prison, Auburn, New York, Respondents.**

Civ. No. 8649.

United States District Court
N. D. New York.

June 28, 1961.

528

Court handed down June 19, 1961, Mapp v. Ohio, 81 S.Ct. 1684. This important decision overruled Wolf v. People of State of Colorado, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed. 1782, and flatly holds that all evidence obtained by searches and seizures in violation of the Fourth Amendment of the Constitution is inadmissible in a State Court. See also People v. Defore, 242 N.Y. 13, 150 N.E. 585. In the Mapp majority opinion, it is not clear whether or not such ruling is to have prospective or retroactive effect, but on page 1693 of 81 S.Ct., Justice Clark in note 9 reminds: "As is always the case, however, state procedural requirements governing assertion and pursuance of direct and collateral constitutional challenges to criminal prosecutions must be respected."

It is not evident from the petition whether the question of alleged search and seizure as claimed was presented to and reviewed by the Courts of New York. In courtesy to the Courts of New York, it would seem recanvass of these situations should be made by them, or state appellate reargument sought, before petitions with this challenge should be entertained in this District Court. United States ex rel. Samuel Tito Williams v. La Vallee, 2 Cir., 276 F.2d 645, certiorari denied 364 U.S. 922, 81 S.Ct. 287, 5 L.Ed.2d 261. Such position seems the only fair and reasonable one in view of the abrupt change in the ruling law that previously governed such state decisions. The Court of Appeals, New York, is always in the forefront in applying the principles of the highest authority when made clear, and in most instances it is inclined to be even more liberal in the application of such constitutional safeguards to State convictions. People v. Rosario, 9 N.Y.2d 286, 213 N.Y.S.2d 448, 173 N.E. 2d 881; People v. Pride, 3 N.Y.2d 545, 170 N.Y.S.2d 321, 147 N.E.2d 719; People v. Pitts, 6 N.Y.2d 288, 189 N.Y.S.2d 650, 160 N.E.2d 523; People v. Freccia, 8 N.Y.2d 1043, 207 N.Y.S.2d 66, 170 N. E.2d 388; People v. Meikle, 8 N.Y.2d 1045, 207 N.Y.S.2d 68, 170 N.E.2d 390;

People v. Borum, 8 N.Y.2d 177, 203 N. Y.S.2d 84, 168 N.E.2d 527; People v. Breslin, 4 N.Y.2d 73, 172 N.Y.S.2d 157, 149 N.E.2d 85; People v. DiBiasi, 7 N. Y.2d 544, 200 N.Y.S.2d 21, 166 N.E.2d 825.

The petition is denied and dismissed. The papers shall be filed without the usual requirement for the prepayment of fees, and it is

So ordered.