**UNITED STATES ex rel. Burton N. PUGACH, Petitioner,**

v.

**R. E. HEROLD, M.D., Director of Dannemora State Hospital, and/or Hon. J. E. LaVallee, as Warden of Clinton Prison, Dannemora, New York, Respondents.**

Civ. No. 9126.

United States District Court
N. D. New York.

Dec. 31. 1962.

Burton N. Pugach, petitioner, pro se.

Louis J. Lefkowitz, Atty. Gen. of New York, Albany, N. Y., Raymond B. Madden, Asst. Atty. Gen., of counsel, Isidore Dollinger, Dist. Atty., Bronx County, New York City, Irving Anolik, Asst. Dist. Atty., of counsel, for respondents.

JAMES T. FOLEY, District Judge.

This is another of the habeas corpus applications from state prisoners confined in upstate New York that have increased in the past three or four years to an unbelievable extent. It seems now a daily routine to receive several new ones while attempting to give the best effort to reading and researching several old ones. In this Northern District of New York we have two major prisons of the State with large prisoner populations: Auburn Prison, at Auburn, N. Y. and Clinton Prison, at Dannemora, N. Y. Expressing my personal viewpoint based upon my own experience, the reading and processing of such petitions, usually handwritten and voluminous, and the expanded concept for hearings to be held in many instances, now constitute a substantial proportion of the work load in this two-judge District Court. It should be realized that the price to be paid is serious interference with the timely disposition of equally important and other numerous federal matters that are expected and usual obligations of a United States District Judge to hear and decide.

The petitioner, I am certain, would be recognized immediately by name in legal and judicial circles throughout the nation and probably by great numbers of the lay citizenry. Some impetus for this recognition came from extensive

writings in the Court of Appeals, Second Circuit, in his suit to enjoin the District Attorney of Bronx County, New York, from the use of wire-tap evidence at his pending trial on serious criminal charges. (Pugach v. Dollinger, 2 Cir., 275 F.2d 503; 2 Cir., 277 F.2d 739 (en banc), affirmed per curiam (1961), 365 U.S. 458, 81 S.Ct. 650, 5 L.Ed.2d 678). This challenge to the use of wire-tap evidence in New York criminal trials seems answered temporarily at least, though by a hairbreadth margin recently in the Court of Appeals, New York, and this ground is not contained in the present petition. (People v. Dinan, (4–3), 11 N.Y.2d 350, 229 N.Y.S.2d 406, 183 N.E.2d 689, cert. den. 371 U.S. 877, 83 S.Ct. 146; Williams v. Ball, 2 Cir., 294 F.2d 94, cert. den. 368 U.S. 990, 82 S.Ct. 598, 7 L.Ed.2d 526; Lebowich v. O'Connor, District Attorney of Queens County, N. Y. et al., 2 Cir., 309 F.2d 111). After the singular trip through the federal courts before his state trial commenced, the trial was held and petitioner was convicted in the County Court, Bronx County, by a jury on July 14, 1961 of the crimes of Burglary, Maiming, Assault and Possession of a deadly weapon without a License. He was not sentenced until March 14, 1962 and then to concurrent and consecutive terms totaling thirty years, apparently due to a lengthy sanity hearing held after the jury verdict and before imposition of sentence. He is now an inmate at the Dannemora State Hospital for insane prisoners, transferred there from Sing Sing pursuant to the law of New York that applies when prisoners become insane during confinement. Being within this District, as many are who are convicted in the metropolitan area of New York of serious crimes after lengthy trials, it was from there he has forwarded directly to me his handwritten petition and thereafter reply affidavits to those filed in opposition by the Attorney General of New York and the District Attorney of Bronx County to the grant of the writ by direction of an order to show cause. His petition and affidavits, although handwritten and con-

taining a mixture of allegations and case law, are well organized with reference to leading and current cases on the points he raises in his petition. Unfortunately, neither he nor the attorneys for the respondents—which omission is unusual in the opposition affidavits—listed any citations of any previous procedures by the petitioner in New York. Most important, of course, are the New York authorities that relate to the primary and threshold question concerning the exhaustion of available state remedies. (28 U.S.C.A. § 2254). It has taken search and tracing for such pertinent authority because, as may be understood, the petitioner, although his judgment of conviction was rendered not too long ago, already has a substantial number of New York appellate citations entailing a variety of requests and challenges.

I shall list some not relevant, in my judgment, to the question here with the view they may be helpful to other judges: People v. Pugach, 33 Misc.2d 938, 225 N.Y.S.2d 822; People ex rel. Pugach v. Slattery, 14 A.D.2d 688, 219 N.Y.S.2d 778; 15 A.D.2d 577; 15 A.D.2d 679, 224 N.Y.S.2d 155; People ex rel. Pugach v. Klein, 15 A.D.2d 746; Pugach v. Dollinger, Appellate Division, First Department, 16 A.D.2d 910.

The Miscellaneous decision is a lengthy one by the Judge who presided at the trial of Pugach written after the hearing held on petitioner's mental condition before sentence. Pugach was committed the day after his conviction to the Kings County Hospital for psychiatric evaluation. It seems the District Attorney at the hearing successfully controverted the opinions of two psychiatrists requested by the Court to be selected according to New York law, who reported and testified that at the time of their examinations shortly after the trial Pugach was insane. (See United States ex rel. Wolfe v. La Vallee, (N.D.N.Y.), 179 F.Supp. 939, remanded for hearing, 2 Cir., 277 F.2d 926).

The only significant decision in the New York appellate listing above, consid-

ering the stiff resistance later made in the Appellate Division, First Department, on direct appeal and here by the Bronx District Attorney to the claim of poverty by the petitioner is People ex rel. Pugach v. Slattery, Warden, 14 A.D.2d 688, 219 N.Y.S.2d 778. The Appellate Division, Second Department, therein granted leave to the petitioner to prosecute his appeal as a poor person from an order dismissing a writ of habeas corpus apparently without much dispute on the indigency question.

The petitioner, in his present petition for federal intervention, sets forth three contentions. Although I do not reach the merits on any, two would seem completely lacking in federal substance, namely, insufficient evidence to support his conviction on certain of the crimes, and denial of the New York Courts to grant a certificate of reasonable doubt and set reasonable bail pending state appeal. (United States ex rel. Lowery v. Murphy, 2 Cir., 245 F.2d 751; Gryger v. Burke, 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683). His other contention that may enter the federal domain is that his constitutional rights under the Fourth Amendment were violated by illegal eavesdropping to obtain evidence used against him at the trial. Generally stated, the claim is that such evidence was obtained illegally by an unlawful, physical intrusion into his law office to overhear and record conversations by an instrument. It seems admitted that named detectives did obtain a court order for such eavesdropping pursuant to Section 813–a, Code of Criminal Proc., N. Y., but the challenge is the order was based upon defective application and insufficient affidavits that deprive the order of legal validity. The petitioner cites with acumen Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081; People v. Loria, 10 N.Y.2d 368, 223 N.Y.S.2d 462, 179 N.E. 2d 478; Silverman v. United States, 365 U.S. 505, 81 S.Ct. 679, 5 L.Ed.2d 734. (Compare United States v. Kabot, 2 Cir., 295 F.2d 848, 853–854, cert. den. 369 U.S. 803, 82 S.Ct. 641, 7 L.Ed.2d 550;

United States v. Massiah et al., 2 Cir., 307 F.2d 62).

However, in my judgment, the clear failure to exhaust state remedies is decisive now. My feeling is strong in this controversial case with sensational overtones and avid press coverage that it would better serve the public interest to allow the ordinary state course of review on appeal to run its full extent of possibility despite the present status of undismissed appeal in the Appellate Division, First Department. Then, depending on the type decision, there would be review by the United States Supreme Court of a determination by the Court of Appeals, New York, by appeal as of right or at least decision on petition for writ of certiorari. (Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761; United States ex rel. Roosa v. Martin, 2 Cir., 247 F.2d 659, 662; United States ex rel. Williams v. La Vallee, 2 Cir., 276 F.2d 645, cert. den. 364 U.S. 922, 81 S.Ct. 287, 5 L.Ed.2d 261).

The important rulings in the State Courts on the issue of exhaustion to be analyzed presently are those of the Appellate Division, First Department. In People v. Pugach, 14 A.D.2d 763, motion for leave to appeal as a poor person was denied with the statement that it did not appear satisfactorily that the defendant is without resource to collateral deposited with the surety company for his bail bond pending trial. The value placed by the Bronx District Attorney on such collateral is approximately $100,000.00. Then, after such denial, the same Appellate Division appointed Attorney Frances Kahn as counsel to represent and assist the defendant in connection with the renewal of his motion for leave to appeal as a poor person. (15 A.D.2d 482). Thereafter, motion for leave to appeal as a poor person was again denied. (16 A.D.2d 784). In accordance with the law of New York, such denial is not appealable as a final order to the Court of Appeals, New York, and the petitioner was advised by letter written in behalf of Judge Fuld that leave to appeal to the

Court of Appeals could be entertained only after the Appellate Division has disposed of the case by affirmance on the merits or dismissal of the appeal. Dismissal for failure to prosecute criminal appeals would seem a routine grant after reasonable time upon request by the District Attorney; such relief is requested in the affidavit of Assistant District Attorney Dillon, dated January 19, 1962, (Ex. D), filed in the Appellate Division, First Department. The request was that the pending appeal of Pugach be dismissed if not perfected and argued at the March 1962 term of the Court. Such dismissal will alleviate the limbo stage in which the appeal pending in the Appellate Division finds itself at the present time. Dismissal of the appeal, if that is the decision, will then allow evaluation by a Judge of the Court of Appeals, New York, for permission to appeal to that Court. No matter how heinous the crime or certain the guilt or impassioned the public clamor, due process requires lack of discrimination in the application of the state criminal procedures.

There is an abundance of writing in the Court of Appeals, Second Circuit, on the appellate procedures of New York in sincere attempt to lay down guides on the exhaustion principle in view of the vacuum that had been created continuously in New York by the denial of leave to appeal as a poor person in the Appellate Divisions, and lack of jurisdiction in the Court of Appeals to review such denial. These federal cases seek to clarify and settle the reasoning to be applied to New York procedures in accordance with the important federal statutory command that available state remedies must be exhausted before federal intervention. When exhaustion of state remedies in New York in criminal matters is accomplished, it would seem a simple problem to settle, but complexity and inconsistency still remain. (United States ex rel. Marcial v. Fay, 2 Cir. (1957), 247 F.2d 662, cert. den. 355 U.S. 915, 78 S.Ct. 342, 2 L.Ed.2d 274; United States ex rel. Kozicky v. Fay, 2 Cir., 248 F.2d 520; United States ex rel. Cuomo v. Fay, 2 Cir., 257 F.2d 438, cert. den. 358 U.S. 935, 79 S.Ct. 325, 3 L.Ed.2d 307; United States ex rel. Williams v. Wilkins, 2 Cir., 280 F.2d 95; United States ex rel. Wissenfeld v. Wilkins, 2 Cir., 281 F.2d 707, 710–712; United States ex rel. Kling v. LaVallee, 2 Cir., 306 F.2d 199. See also United States ex rel. Noia v. Fay, 2 Cir., 300 F.2d 345, cert. granted 369 U.S. 869, 82 S.Ct. 1140, 8 L.Ed.2d 274). In these cases except Noia which is an exceptional one, there was no issue at all as to indigency and poverty. The Court of Appeals, New York, always progressive and responsible, has ordered the reinstatement of certain appeals for decision on the merits by the separate Appellate Divisions where poverty was not disputed. (People v. Borum, (1960), 8 N.Y.2d 177, 203 N.Y.S.2d 84, 168 N.E.2d 257; People v. Freccia, 8 N.Y.2d 1043, 207 N.Y.S.2d 66, 170 N.E.2d 388; People v. Meikle, 8 N.Y.2d 1045, 207 N.Y.S.2d 68, 170 N.E.2d 390; People v. Edelson, 11 N.Y.2d 1035, 230 N.Y.S.2d 29, 183 N.E.2d 911; see also United States ex rel. Kling v. LaVallee, 2 Cir., supra, 306 F.2d pg. 202). In Cuomo, supra, 257 F.2d pg. 441, the Court of Appeals, Second Circuit, in a situation similar to this where application is denied by the Appellate Division to proceed in forma pauperis held that if the New York Court of Appeals is by-passed there still must be ultimate application to the Supreme Court for a writ of certiorari.

However, we have here beyond the failure to petition for a writ of certiorari in the Supreme Court, a considered judgment and decision based upon strong showing that poverty was not satisfactorily shown. Surely, the Great Writ should not be extended to interfere with a pure State ground of procedural decision that in the present stage bars the necessary exhaustion. The Supreme Court reaffirms it is the very essence of federalism that the states should have the widest latitude in the administration of their own systems of criminal justice. (Hoag v. New Jersey, 356 U.S. 464, 78

S.Ct. 829, 2 L.Ed.2d 913). Justice Douglas, dissenting in Chessman v. Teets, 354 U.S. 156, 173, 77 S.Ct. 1127, 1 L.Ed.2d 1253, cautioned that the ancient writ should be guarded jealously and used only to prevent gross miscarriage of justice. Our own distinguished judge of this Circuit, Judge Friendly, concurring in Kling, supra, 306 F.2d pg. 203, reminded that federal habeas corpus is not the remedy for every ill to which the flesh is heir. (See United States ex rel. Kiernan v. La Vallee, (N.D.N.Y.), 191 F.Supp. 455). The Supreme Court has established the principle with plain expression that a failure to use a state's available remedy in the absence of some interference or incapacity bars federal habeas corpus. (Brown v. Allen, 344 U.S. 443, 487, 73 S.Ct. 397, 97 L.Ed. 469; Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572; Darr v. Burford, supra; Irvin v. Dowd, 359 U.S. 394, 404–406, 79 S.Ct. 825, 3 L.Ed.2d 900).

The principles of Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891; Burns v. Ohio, 360 U.S. 252, 79 S.Ct. 1164, 3 L.Ed.2d 1209; Smith v. Bennett, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39, enunciated to insure equal justice for the indigent, do not apply because there is no showing of arbitrary or unsupported State finding of resources. The federal standards requiring adequate showing of indigence are no different from those of New York, and it would increase the cynicism unfortunately existent in the State of New York if the federal system compelled higher standards or different tests to decide the same problem. (United States v. Farley, 2 Cir., 238 F.2d 575, 576; Coppedge v. United States, 369 U.S. 438, 443–444, 82 S.Ct. 917, 8 L.Ed. 2d 21; 28 U.S.C.A. § 1915(a), (b).

The petition is denied and dismissed. The papers shall be filed by the Clerk without prepayment of fee. There is not presented satisfactory affidavit that petitioner is unable to pay the $5.00 filing fee, but it seems good judgment to record the application in view of its disposition without undue monetary complications.

It is So Ordered.