UNITED STATES ex rel. Michael KANE,
Petitioner,

v.

Hon. J. Edwin LaVALLEE, Warden of
Clinton Prison, Dannemora, New
York, Respondent.

Civ. No. 9755.

United States District Court
N. D. New York.

Nov. 8, 1963.

JAMES T. FOLEY, Chief Judge.

The petitioner has been a relentless
and persistent litigant in this United
States District Court since 1945. He
has been involved in a variety of prob-
lems, but recently his effort has been ex-
pended upon the apparently rewarding
pastime of filing applications for federal
habeas corpus. The two to be considered
now are handprinted in crammed, slanted
style that were filed with Circuit Judge
Sterry R. Waterman and transferred to
this Court for disposition. (28 U.S.C.A.
§ 2241(b)). It is somewhat dishearten-
ing after many years of attention to the
problems of the petitioner to be so by-
passed, but there is some comfort in the
fact he requested in his papers to the
Circuit Judge direction to me that he be
produced before me by issuance of a
writ of habeas corpus for hearing in
Albany on his latest problem. Another
explanation for the Circuit Judge appli-
cation may be that I dismissed his com-
plaint and motion for a three-judge court
pursuant to 28 U.S.C.A. § 2281, by
memorandum-decision and order dated
April 30, 1963, and this rarely used pro-
cedure to file with the Circuit Judge first
may be his own ingenious method to
start the composition of a three-judge
statutory court to review his problems.

The latest petitions are an inpenetrable
mass of verbiage, with lengthy disserta-
tions on law, and vile and unbelievable
accusations against state law enforce-
ment officers and the Courts and Judges
of New York, trial and appellate. I have
given my best effort to comprehend these
confused writings, but am only certain
that facts are not presented in any rea-
sonable fashion at all to indicate depriva-
tion of federal constitutional right.
(Townsend v. Sain, 372 U.S. 293, 311,
312, 83 S.Ct. 745, 9 L.Ed.2d 770.) In
the first twenty-five page petition the
best indication at times of alleged federal
grievance is a complaint that he was
tried when he was criminally insane.
However, this is an abrupt break from
past complaints, and is even contradicted
by the petition itself in various places
that he was really sane and the insanity
issue was thrust upon him improperly
and unfairly. It is evident from his
papers and past opinions in this Court
that he was represented by counsel of
his own choosing at the time of his trial

and conviction in 1958, whom he now describes as inept. The second petition of seventeen pages contains the continuing and similar attack on New York officials and requests direction by this federal court that he be given free copies of all minutes that relate to his 1942 and 1958 convictions, in order that he may properly pursue appeals in New York.

It might be helpful in this instance to point out the continued and duplicitous badgering state and federal courts now receive in these post conviction applications. Undue concern and too extreme a liberality in dispensing with the requirements, discipline and burdens imposed in ordinary legal proceedings may bring infirmity and feebleness in our procedures and cause, unfortunately, disrespect for our judicial system. Three pending appeals from this District Court are now in the Court of Appeals, Second Circuit: my April 30 and June 7, 1963 memoranda decisions, and a May 14, 1963 decision of Judge Brennan. It is a sad admission and indictment of our procedures if we have not yet reached, found and decided possible contentions of the petitioner that may have federal merit.

It may be of some help to others to cite the recent reported decisions in which the petitioner is found seeking in the state courts every type of post conviction trial and appellate relief known to man. (16 A.D.2d 639; id. 766; id. 767; id. 772; id. 834; id. 888; id. 903; id. 731; id. 1016; 17 A.D.2d 941; id. 749; id. 866; id. 875; id. 997; id. 995; id. 1106). These applications and decisions cover the four judicial departments in New York.

■ This District Court has always been considerate, conscientious and liberal in the treatment of these applications. However, the line must be drawn somewhere and there should be some evidence of good faith effort to present a grievance in reasonably intelligible form in compliance with the habeas corpus statute and the federal case law. Hundreds of state prisoners have done so in handwritten petitions to this Court. Aggravations of this kind, if allowed to continue and be entertained promiscuously without giving credit due to trained judicial perception, state and federal, will not only debase the Great Writ, as cautioned by Justice Stewart in Townsend v. Sain, supra, but also, in my judgment, will debase the federal court procedures and inculcate in the minds of state prisoners disrespect and contempt for any finality in regard to the State Courts and decisions, as well as for federal decisions. New York in its Code of Criminal Procedure and Penal Law, has more elaborate statutory safeguards and standards than the federal to insure against the insane being tried and convicted without due process. Every judge of trial experience, state or federal, knows the delicate area filled with imponderables when an evaluation of a person's mind as to mental competency must be made before, during or after a criminal prosecution. (Massey v. Moore, 348 U.S. 105, 75 S.Ct. 145, 99 L.Ed. 135; Williams v. U. S., 114 U.S.App.D.C. 135, 312 F.2d 862, cert. den. 374 U.S. 841, 83 S.Ct. 1894, 10 L.Ed.2d 1061; Lebron v. U. S., 97 U.S.App.D.C. 133, 229 F.2d 16, 18, cert. den. 351 U.S. 974, 76 S.Ct. 1035, 100 L.Ed. 1492; U. S. ex rel. Marcial v. Fay, (Lumbard, J., dissenting), 2 Cir., 247 F. 2d 662, 670; People v. Smyth, 3 N.Y.2d 184, 164 N.Y.S.2d 737, 143 N.E.2d 922.) Apparently, Kane testified at his 1958 trial and his commitment to Matteawan after conviction is in accord with New York procedures, and in itself is not conclusive of insanity in the literal sense of that word that indicates suspicion there was lack of understanding of the charge and ability to cooperate in proper defense. (Lee v. Wiman, 5 Cir., 280 F.2d 257, 265; U. S. ex rel. Ciehala v. LaVallee, 2 Cir., 312 F.2d 308).

■ In conclusion, I feel there is so much evident confusion and inconsistency that to entertain this petition and encourage more like it and then go further would be seriously detrimental to the administration of justice. These matters are increasing daily and the

price now being paid is that the law-abiding citizen must stand aside for his decision while the state prisoner is treated with extreme favor. (Culombe v. Conn., 367 U.S. 568, 589, 81 S.Ct. 1860, 6 L.Ed.2d 1037.) If we continue to be overcome with anxiety to make doubly certain of every state criminal conviction being letter-perfect, we may be ground down in exercises of futility that will impair the time and energy required for consideration of the few meritorious claims when it is evident from intelligent and fair appraisal that federal scrutiny and intervention may be necessary. In my judgment, this petitioner, who may only want to harangue and debate, has made no showing that I can perceive from reasonable attention that the state procedures violated federal constitutional privileges. (Townsend v. Sain, supra.) Nor is there any fact to be discerned, in my opinion, that New York did not properly follow its own statutes for confinement of mentally ill defendants. His request in the second petition to obtain free copies of the minutes of his trials in New York to pursue appeals is the best evidence he contemplates further attempts at appeal in New York. In fact, previous citations show that he has rebuffed the attempts of several New York appellate courts to appoint counsel, and one appeal in the New York Court of Appeals was dismissed for failure to prosecute.

Therefore, there may be remedies in New York still open, even if it were to be assumed an indication of federal merit may be present in the voluminous writings. (Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837; U. S. ex rel. Rivera v. LaVallee, 2 Cir., 319 F.2d 849; U. S. ex rel. Kling v. LaVallee, 2 Cir., 306 F.2d 199; U. S. ex rel. Martin v. Murphy, 319 F.2d 897.) As I have written so often, New York Courts are progressive, responsible and considerate in the provision for allowance of appeals by poor persons, furnishing of transcript without costs, and assignment of counsel. (People v. Abair, 9 N.Y.2d 899, 216 N.Y.S.2d 708, 175 N.E.2d 834; People

v. Borum, 8 N.Y.2d 177, 203 N.Y.S.2d 84, 168 N.E.2d 527.)

The petitions are denied and dismissed. The papers shall be filed without the payment of fee, and it is

So ordered.